IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

GHADA OUEISS,

    *Plaintiff*,

v.

MOHAMMED BIN SALMAN BIN
ABDULAZIZ AL SAUD, *et al.*,

    *Defendants*.

Case No. 20-CV-25022-KMM

**MOTION TO STAY DISCOVERY AND PRETRIAL DEADLINES**

Defendants Mohammed bin Salman bin Abdulaziz Al Saud ("the Crown Prince") – the Crown Prince of the Kingdom of Saudi Arabia ("Saudi Arabia") – and the Saudi Arabian Cultural Mission ("SACM") – a diplomatic mission of Saudi Arabia registered with the U.S. State Department – respectfully move to stay discovery and all pretrial deadlines, including the deadline for a joint scheduling report, ECF No. 48, until the Court rules on their forthcoming motions to dismiss, and until any potential immediate appeal is resolved. Those forthcoming motions will raise defenses including foreign sovereign immunity, foreign official immunity, and lack of personal jurisdiction, each of which is dispositive of Plaintiff's claims. Eleventh Circuit precedent requires that Defendants' motions, as well as any appeal of immunity issues, be resolved before they can be required to litigate this case in any way.

**I.  INTRODUCTION**

Plaintiff filed the Complaint on December 9, 2020.  *See* ECF No. 1.  On February 1, 2021, the Crown Prince and other Defendants moved to extend their time to respond to the Complaint. *See* ECF No. 33.  In that motion, undersigned counsel represented that SACM – a "foreign state"

under the Foreign Sovereign Immunities Act of 1976 ("FSIA"), 28 U.S.C. § 1602 *et seq.*[*] – was "willing to waive compliance with the FSIA's service requirements and to respond to the Complaint by March 26, 2021." ECF No. 33, at 2. The Court granted that motion on February 2, 2021, and set March 26, 2021, as Defendants' response deadline. *See* ECF No. 35.

On January 18, 2021, the Court entered its Pretrial Order, ECF No. 23, directing that a scheduling conference occur no later than March 9, 2021 – 90 days after the filing of the Complaint. On February 5, 2021, upon Plaintiff's motion, the Court ordered the parties to hold a scheduling conference by March 10, 2021, and to file a joint scheduling report no later than 10 days thereafter. *See* ECF No. 48. Accordingly, the joint scheduling report is due by March 22, 2021, several days before Defendants are required to file their dispositive motions.

While the Court must issue a scheduling order "as soon as practicable," the Court has the authority to delay entering such an order for "good cause." Fed. R. Civ. P. 16(b)(2). As detailed below, good cause exists here. Clear Eleventh Circuit precedent requires that all immunity issues be resolved, including any potential appeal, before the Crown Prince and SACM can be required to litigate this case – including before any discovery can proceed. Good cause also exists in light of Defendants' assertion that the Court lacks personal jurisdiction over them.

Before filing this motion, Plaintiff advised the Crown Prince and SACM that Plaintiff sought to begin third-party discovery in advance of the parties' scheduling conference. In response, the Crown Prince and SACM requested Plaintiff's agreement to stay all discovery pending resolution of the immunity issues. Plaintiff declined. On March 2, 2021, Plaintiff

---

[*] *See Salman v. Saudi Arabian Cultural Mission*, No. 1:16cv1033 (JCC/IDD), 2017 WL 176576, at *2 (E.D. Va. Jan. 17, 2017).

circulated a draft scheduling report proposing that general merits discovery commence immediately following the scheduling conference.

## II. ARGUMENT

**A.   Neither the Crown Prince nor SACM Can Be Subject to Discovery or Other Burdens of Litigation Pending Resolution of Their Immunity Claims.**  The Crown Prince and SACM assert immunity from this Court's jurisdiction.  Specifically, the Crown Prince asserts foreign official immunity under the common law of foreign official sovereign immunity, *see Samantar v. Yousuf*, 560 U.S. 305, 325 (2010), and SACM asserts statutory foreign sovereign immunity under the FSIA.  "If sovereign immunity exists, then the court lacks both personal and subject matter jurisdiction to hear the case and must enter an order of dismissal."  *Mezerhane v. República Bolivariana de Venezuela*, 785 F.3d 545, 548 (11th Cir. 2015) (citation omitted).  Their forthcoming motions to dismiss will fully brief these immunity defenses.

Because these immunities dispose of all claims against Defendants, the Court must resolve these threshold immunity defenses "before requiring that the parties litigate [Plaintiff's] claims any further."  *Howe v. City of Enterprise*, 861 F.3d 1300, 1303 (11th Cir. 2017) (per curiam).  Although district courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling," *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001), "[t]his discretion is not wholly unfettered," *Chrysler Int'l Corp. v. Chemaly,* 280 F.3d 1358, 1360 (11th Cir. 2002).  In particular, a district court cannot require a party asserting immunity from suit to litigate any claims, including any discovery, until the immunity issue is resolved.  *See*, *e.g.*, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *Redford v. Gwinnett Cty. Judicial Circuit*, 350 F. App'x 341, 346 (11th Cir. 2009) (per curiam) ("[S]ubjecting officials

to traditional discovery concerning acts for which they are likely immune would undercut the protection immunity was meant to afford."). That is because immunity is "an entitlement not to stand trial or face the other burdens of litigation," and so requiring a defendant "to further defend from liability while the immunity issue remained pending . . . effectively denie[s] immunity." *Howe*, 861 F.3d at 1302.

*Howe* is instructive. In that case, the defendants – a local government and individual government officials – asserted federal qualified immunity and state-law sovereign immunity defenses to the plaintiff's amended complaint. *Id.* at 1301. Rather than resolve the immunity defenses, the district court denied the defendants' motion to dismiss without prejudice, directed the plaintiff to file a second amended complaint to clarify his claims, and "instructed the parties to 'confer and develop a proposed discovery plan pursuant to [Federal Rule of Civil Procedure] 26(f),' setting deadlines by which the parties were to develop and file their Rule 26(f) report." *Id.* (alteration in original). The defendants immediately appealed. The Eleventh Circuit took jurisdiction and vacated "the part of the order requiring the parties to develop their Rule 26(f) report before the court ruled on the immunity defenses," as well as the portion requiring them "to confer and discuss settlement," because "immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted." *Id.* at 1302.

The same reasoning governs here. Both the Crown Prince and SACM assert immunity and will imminently move for dismissal on that basis. The types of immunity they assert have been recognized to confer "'immunity from suit rather than . . . mere defense[s] to liability.'" *Id.* (quoting the description of qualified immunity in *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)) (emphasis omitted); *see Butler v. Sukhoi Co.*, 579 F.3d 1307, 1312 (11th Cir. 2009) (following cases recognizing FSIA immunity as immunity from the burdens of litigation); *Doğan*

*v. Barak*, 932 F.3d 888, 895 (9th Cir. 2019) (explaining that "common law foreign official immunity" is "an immunity from *suit* rather than a mere defense to *liability*") (citation omitted); *Giraldo v. Drummond Co.*, 808 F. Supp. 2d 247, 250-51 (D.D.C. 2011) (describing "foreign official immunity" as "an immunity from trial and the attendant burdens of litigation, and not just a defense to liability on the merits") (citation omitted), *aff'd*, 493 F. App'x 106 (D.C. Cir. 2012). Therefore, Defendants cannot "be subjected to litigation" – including the requirement to file a joint scheduling report and engaging in any discovery – until the Court resolves that claim of immunity. *Howe*, 861 F.3d at 1302; *see Point Conversions, LLC v. Lopane*, No. 20-CIV-61549-RAR, 2020 WL 6700236, at *2 (S.D. Fla. Oct. 29, 2020) (staying discovery and pretrial deadlines because "Defendant asserts sovereign and judicial immunity defenses, which raise serious questions regarding the viability of Plaintiff's Complaint that must be resolved before Defendant is burdened with discovery and other pretrial obligations"); *Mpaka v. Migoya*, No. 18-22178-CIV, 2019 WL 3001634, at *1 (S.D. Fla. July 10, 2019) (reversing magistrate judge's denial of motion to abate scheduling order deadlines pending ruling on motion for judgment on the pleadings, because "the Eleventh Circuit has held that, where a defendant raises a qualified immunity defense, he should not be burdened with ongoing discovery and litigation until that defense is resolved by the court").

This restriction on discovery before the resolution of immunity defenses covers all discovery in a case, regardless of its target. As the Supreme Court has explained, "[i]t is no answer to the[] concerns [of litigation from which immunity protects] to say that discovery for [parties asserting immunity] can be deferred while pretrial proceedings continue for other defendants." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009). When discovery proceeds in any way, "[i]t is quite likely that . . . it would prove necessary for [parties asserting immunity] and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that

causes prejudice to their position." *Id.*  Thus, "[e]ven if [parties asserting immunity] are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery." *Id.* at 685-86; *see*, *e.g.*, *M.G. v. Metro. Interpreters & Translators, Inc.*, No. 12cv460-JM (MDD), 2013 WL 690833, at *2 (S.D. Cal. Feb. 26, 2013) (staying discovery from non-immune defendants and non-parties because "[t]he concerns expressed in *Iqbal* regarding potential prejudice to stayed defendants appear[] real in this case"); *Carmichael v. Riley*, No. 06-5542 RJB/KLS, 2007 WL 1991036, at *2 (W.D. Wash. July 3, 2007) (granting immune defendants' motion to stay all discovery and denying plaintiff's motion to depose two non-parties).  *Iqbal*'s concern is likewise real here, where Plaintiff seeks to attribute the actions of other Defendants and non-parties to the Crown Prince and SACM through conspiracy, alter ego, and agency theories.  *See* Compl. ¶¶ 121, 134-141.  Meritless though those theories are, the Crown Prince and SACM would face the same type of prejudice contemplated by *Iqbal* if the discovery process were to proceed without them.

Moreover, even if discovery were permitted to commence (it is not), SACM could not be compelled to produce its documents.  The Complaint acknowledges that SACM is "part of the Saudi Embassy in Washington, D.C."  *Id.* ¶ 138 (quoting Saudi Arabian Cultural Mission, *About SACM*, http://www.sacm.org/about (last visited Mar. 1, 2021)).  As "a diplomatic and cultural mission of Saudi Arabia recognized by the U.S. Department of State," *Salman*, 2017 WL 176576, at *2, its "archives and documents" are "inviolable at any time and wherever they may be," Vienna Convention on Diplomatic Relations ("VCDR") art. 24, done Apr. 18, 1961, 23 U.S.T. 3227; *see also 767 Third Ave. Assocs. v. Permanent Mission of Republic of Zaire to United Nations*, 988 F.2d 295, 298 (2d Cir. 1993) (describing the term "inviolable" as "advisedly categorical" and "strong," and explaining that the VCDR "makes no provision for exceptions other than those set

forth in Article 31," which "relate to personal activities not carried out on behalf of the sending state"); *Tachiona v. United States*, 386 F.3d 205, 223 (2d Cir. 2004) ("[U]nless the Article 31 exceptions apply, the term 'inviolable' must be accorded its fullest meaning, untampered by Article 31."). Thus, SACM's documents are immune from discovery. *See Ewald v. Royal Norwegian Embassy*, No. 11-CV-2116 SRN/SER, 2013 WL 6094600, at *5 (D. Minn. Nov. 20, 2013) (rejecting discovery of embassy records, because "[t]here are no relevant exceptions to th[e] inviolability" in the VCDR); *see also In re Terrorist Attacks on September 11, 2001*, No. 03-MDL-01570 (GBD)(SN), 2019 WL 3296959, at *3 (S.D.N.Y. July 22, 2019) (explaining that "federal courts should not interfere with objects imb[u]ed with inviolability by the [Vienna] Conventions," and that "no reason" exists "to separate 'archives and documents,' or 'official correspondence,' from other types of inviolability under the Conventions").

Both the Crown Prince and SACM also have the right to an immediate appeal of any potential adverse immunity decision. *See Howe*, 861 F.3d at 1302 (exercising jurisdiction over an appeal from an order "denying without prejudice the defendants' second motion to dismiss and directing the parties to confer and file a report under Rule 26(f)," where the motion to dismiss raised immunity defenses); *Butler*, 579 F.3d at 1311 ("It is well-settled that a court of appeals has jurisdiction over interlocutory orders denying claims of immunity under the FSIA. Inasmuch as the order on appeal required appellants to answer the complaint and called for discovery, it denied them immunity from suit under the FSIA.") (citations omitted). Accordingly, until any such potential appeal is resolved, the Crown Prince and SACM cannot be required to litigate the substance of Plaintiff's claims in any way, including participating in any Rule 26(f) conference. *See Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) (per curiam) ("The defense of sovereign or qualified immunity protects government officials not only from having to

stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. A district court, therefore, properly stays discovery pending appeal of a denial of immunity.") (citations omitted).

**B.     Neither the Crown Prince nor SACM Should Be Subject to Discovery or Other Burdens of Litigation Pending Resolution of Their Personal Jurisdiction Defenses.** In addition to immunity, the Crown Prince and SACM – both non-Florida parties – also assert lack of personal jurisdiction. Defendants will fully brief that issue in their forthcoming motions to dismiss. When facing a challenge to personal jurisdiction, courts routinely stay discovery until that challenge is resolved. *See*, *e.g.*, *Lewis v. Mercedes-Benz USA, LLC*, No. 19-CIV-81220-RAR, 2020 WL 4923640, at *3 (S.D. Fla. Mar. 25, 2020) (staying discovery until the issuance of an order on defendants' motion to dismiss, because that motion raised a personal jurisdiction challenge and, "when faced with legitimate jurisdictional challenges . . . , discovery should not commence until such challenges are resolved"); *Anderson v. Bullard*, No. 8:18-cv-901-T-35AAS, 2018 WL 5920476, at *1 (M.D. Fla. Nov. 13, 2018) (staying discovery in light of the defendant's "nonfrivolous challenge to the court's personal jurisdiction"); *Seaway Two Corp. v. Deutsche Lufthansa Aktiengesellschaft*, No. 06-20993-CIV, 2006 WL 8433652, at *1 (S.D. Fla. Nov. 17, 2006) (granting an emergency motion for a protective order and staying all merits discovery pending disposition of defendants' motion to dismiss, where the motion raised jurisdictional defenses and so "it [wa]s possible that the Court lack[ed] the authority to mandate that the parties engage in discovery").

This provides an independent and alternative basis to stay discovery, including the deadline to file a joint scheduling report.

*  *  *

-9-

WHEREFORE, the Crown Prince and SACM respectfully request a stay of all discovery and pretrial deadlines pending the Court's rulings on their forthcoming motions to dismiss, as well as any potential appeal of the Court's immunity rulings.

## **CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(3), undersigned counsel hereby certifies that they have conferred with counsel for all appearing parties in a good-faith effort to resolve the issues raised in this motion, but were unable to do so.

| | |
|---|---|
| Dated: March 3, 2021 | Respectfully submitted, |
| | /s/ *Benjamin H. Brodsky* |
| Michael K. Kellogg (*pro hac vice*) | Benjamin H. Brodsky (Fla. Bar No. 73748) |
| Gregory G. Rapawy (*pro hac vice*) | **BRODSKY FOTIU-WOJTOWICZ,** |
| Andrew C. Shen (*pro hac vice*) |   **PLLC** |
| **KELLOGG, HANSEN, TODD, FIGEL** | 200 S.E. 1st Street, Suite 400 |
|   **& FREDERICK, P.L.L.C.** | Miami, Florida 33131 |
| 1615 M Street, N.W., Suite 400 | (305) 503-5054 |
| Washington, D.C. 20036 | bbrodsky@bfwlegal.com |
| (202) 326-7900 | docketing@bfwlegal.com |
| mkellogg@kellogghansen.com | |
| grapawy@kellogghansen.com | |
| ashen@kellogghansen.com | |

*Attorneys for Defendants Mohammed bin Salman bin Abdulaziz Al Saud
and the Saudi Arabian Cultural Mission*

## **CERTIFICATE OF SERVICE**

I certify that on March 3, 2021, I electronically filed the foregoing Motion to Stay Discovery and Pretrial Deadlines using the ECF system, which sent notice of filing in this matter to all counsel of record.

*/s/ Benjamin H. Brodsky*
Benjamin H. Brodsky
*Attorney for Defendants*
*Mohammed bin Salman bin Abdulaziz*
*Al Saud and the Saudi Arabian Cultural*
*Mission*