IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-CV-25022-KMM

GHADA OUEISS,

    Plaintiff,

v.

MOHAMMED BIN SALMAN BIN
ABDULAZIZ AL SAUD, *et al.*,

    Defendants.

_____/

## JOINT SCHEDULING REPORT

Plaintiff, Ghada Oueiss ("Ms. Oueiss" or "Plaintiff") and Defendants Mohammed Bin Salman Bin Abdulaziz Al Saud ("MBS"), Saudi Arabian Cultural Mission ("SACM"), Mohamed Bin Zayed Al Nahyan ("H.H. Sheikh Mohamed"), Saud Al Qahtani ("Al Qahtani"), DarkMatter, Faisal al Bannai ("al Bannai"), the Prince Mohammed bin Salman Abdulaziz Foundation ("MiSK Foundation"), Bader Al-Asaker ("Al-Asaker"), Al Arabiya, Saudi 24 TV, Awwad Al Otaibi ("Al Otaibi"), Faisal Al Menaia ("Al Menaia"), Turki Al Owerde ("Al Owerde"), Tarek Abou Zeinab ("Zeinab"), Sharon Collins ("Collins"), Annette Smith ("Smith"), Christanne Schey ("Schey") and Hussam Al-Jundi ("Al-Jundi") (collectively, "Defendants") (collectively, with Ms. Oueiss, the "Parties"), pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Rule 16.1(b)(2) of the Local Rules of the Southern District of Florida, and this Court's February 5, 2021 Order [ECF No. 48] respectfully submit their Joint Scheduling Report and state as follows:

Counsel for Plaintiff and all Defendants participated in a scheduling conference on March 10, 2021. For the reasons set forth in the pending or forthcoming motions to stay discovery and discovery deadlines, *see* ECF Nos. 83-87, 89-90, and 93, Defendants' position is that it is premature for the Court to address any of the issues in this report.

### Written Discovery Plan

Plaintiff proposes the following written discovery plan using the factors set forth in Federal Rule of Civil Procedure 26(f):

(A) What changes should be made in the timing, form, or requirement for disclosure under Rule 26(a), including a statement of when initial disclosures were made or will be made.

**Plaintiff contends that the Parties should make the initial disclosures required by Rule 26(a) by Monday, April 26, 2021**.

(B) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

**Plaintiff believes that this is a complex track case, with approximately 14 days required for trial, and believes it will require approximately 11 months to complete discovery. Plaintiff contends that discovery should be completed by January 7, 2021. Plaintiff contends that discovery should commence after the 26(f) conference on March 10, 2021**.

**Plaintiff anticipates seeking written and document discovery and taking depositions. Plaintiff contends that she will require more than 10 depositions and that she intends to propose a stipulation on the number of depositions once fact discovery begins and the Parties can gauge the necessary number of depositions per side. Plaintiff contends that the Parties should also meet and confer on the number of requests for admission and interrogatories per side**.

**Finally, Plaintiff will begin to serve third-party discovery demands as early as March 10, 2021, the date on which she contends discovery should commence**. **Defendants object to any non-party discovery occurring while the various motions to dismiss remain pending and unresolved. The same concerns presented by conducting party discovery are also present with non-party discovery for the reasons stated in the Defendants' motions to stay discovery and joinders therein.**

(C) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

**Plaintiff agrees to preserve all discoverable or potentially discoverable information within their possession, custody, or control. Whenever feasible, Plaintiff will produce all electronically stored information ("ESI") in bates-stamped, OCR text, or tiff format. Alternatively, if unable to produce ESI in such a manner, Plaintiff will produce the information in the existing stored format. Plaintiff further agrees that she will maintain all relevant ESI in its original format until final resolution of this matter**.

(D) Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502.

**Plaintiff proposes that if any party inadvertently produces ESI or other documents that the producing party claims after production are privileged, the producing party should notify the opposing party within a reasonable amount of time after learning that an inadvertent production of privileged material has occurred. Plaintiff further proposes that the receiving**

**party should promptly return, sequester, or destroy the materials in question, and should take reasonable steps to retrieve the information from third parties, including expert witnesses. Plaintiff also proposes that the parties reserve their right to claim the disclosed information was not privileged, or that the privilege was waived, and submit the matter to the Court if an agreement cannot be reached**.

(E) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

**None other than described elsewhere in this scheduling report**.

(F) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**None at this time**.

***

<h3 align="center">Conference Report</h3>

(A) Likelihood of Settlement

**Plaintiff is unable to assess the likelihood of settlement at this time, but she does intend to propose settlement discussions as the litigation progresses.**

(B) Likelihood of Appearance of Additional Parties

**As of the date of this filing, Ms. Oueiss believes that the appearance of additional parties is probable. Specifically, Ms. Oueiss has alleged the existence of several John Doe Defendants in the Complaint, and Ms. Oueiss submits that third-party discovery will likely reveal the identity of several John Doe Defendants. Plaintiff reserves the right to add additional parties consistent with the Federal Rules of Civil Procedure and this Court's orders, if it becomes necessary.**

(C) Proposed Deadlines for Pretrial Matters

**Plaintiff proposes the deadlines set forth in the schedule accompanying this Report as Exhibit "A."**

(D) Proposals for the Formulation and Simplification of Issues

**Plaintiff will attempt to eliminate unnecessary issues and proof to narrow the issues for the Court's determination. At this time, Plaintiff does not have any concrete proposals to recommend.**

(E) Necessity or Desirability of Amendments to Pleadings

**Plaintiff does not contemplate any amendments to the pleadings at this point, but she reserve the right to amend the pleadings consistent with the Federal Rules of Civil Procedure and this Court's orders, if it becomes necessary.**

(F) The Possibility of Obtaining Admissions of Fact and of Documents which will Avoid Unnecessary Proof, Stipulations Regarding the Authenticity of Documents, and the Need for Advance Rulings from the Court on Admissibility of Evidence

**Plaintiff will endeavor to obtain such admissions and stipulations prior to trial so as to preserve the resources of the Parties and the Court.**

(G) Suggestions for the Avoidance of Unnecessary Proof and Cumulative Evidence

**Plaintiff is willing to confer in an effort to avoid unnecessary proof and cumulative evidence prior to filing the pretrial stipulation.**

(H) Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Special Master

**Plaintiff is willing to agree to have the Magistrate Judge rule upon discovery issues and non-dispositive motions.**

(I) Preliminary Estimate of the Time Required for Trial

**Plaintiff estimates that the case will require 14 days to complete a jury trial.**

(J) Suggested Date or Dates for Conferences Before Trial, a Final Pretrial Conference and Trial (Date Specific)

**Plaintiff has included such dates in her proposed schedule accompanying this Report as Exhibit "A."**

(K) Any Other Information that Might Be Helpful to the Court in Setting the Case for Status or Pretrial Conference

**Plaintiff suggests that the case be placed on the complex case management track pursuant to Southern District of Florida Local Rule 16.1(a)(2)(C). Pursuant to Local Rule 16.1(b)(3), a Proposed Scheduling Order accompanies this Report in the form provided in Exhibit "A." Plaintiff does not have any additional information that might be helpful to the Court in setting the case for status or pretrial conference or may aid the Court in the fair and expeditious administration and disposition of this case.**

**MARCUS NEIMAN RASHBAUM & PINEIRO LLP**
One Biscayne Tower
2 S. Biscayne Blvd., Suite 2530
Miami, Florida 33131
Tel: 305-400-4260 | Fax: 866-780-8355

By: Daniel L. Rashbaum
Daniel L. Rashbaum
Fla. Bar No. 75084
drashbaum@mnrlawfirm.com
Jeffrey E. Marcus
Fla. Bar No. 310890
jmarcus@mnrlawfirm.com
Jason L. Mays, Esq.
Fla. Bar No. 106495
jmays@mnrlawfirm.com
*Counsel for Plaintiff*

/s/ Benjamin H. Brodsky
Benjamin H. Brodsky (Fla. Bar No. 73748)
**BRODSKY FOTIU-WOJTOWICZ, PLLC**
200 S.E. 1st Street, Suite 400
Miami, Florida 33131
(305) 503-5054
bbrodsky@bfwlegal.com
docketing@bfwlegal.com

Michael K. Kellogg (*pro hac vice*)
Gregory G. Rapawy (*pro hac vice*)
Andrew C. Shen (*pro hac vice*)
**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
mkellogg@kellogghansen.com
grapawy@kellogghansen.com
ashen@kellogghansen.com

*Attorneys for Defendants Mohammed bin Salman bin Abdulaziz Al Saud and the Saudi Arabian Cultural Mission*


/s/ Mark Jurgen Heise
Mark Jurgen Heise (Fla. Bar No. 771090)
**HEISE SUAREZ MELVILLE**
1600 Ponce De Leon Boulevard, Suite 1205
Coral Gables, FL 33134
305-800-4476
mheise@hsmpa.com

*Attorney for Defendant Mohamed bin Zayed Al Nahyan*


/s/ Stephen J. Binhak
Stephen J. Binhak (Fla. Bar No. 736491)
**THE LAW OFFICE OF STEPHEN JAMES BINHAK, P.L.L.C.**
1 SE 3rd Avenue, Suite 2600
Miami, Florida 33131
(305) 361-5500
(305) 428-9532 (fax)

binhaks@binhaklaw.com

Anthony T. Pierce (*pro hac vice*)
James E. Tysse (*pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2001 K Street N.W.
Washington, D.C. 20006
(202) 887-4000
(202) 887-4288 (fax)
apierce@akingump.com
jtysse@akingump.com

Natasha G. Kohne (*pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
580 California Street, Suite 1500
San Francisco, CA 94104
(415) 765-9500
(415) 765-9501 (fax)
nkohne@akingump.com

*Attorneys for Defendants DarkMatter and Faisal al Bannai*


/s/ Evelyn Baltodano-Sheehan _____
Evelyn Baltodano-Sheehan (Fla. Bar No. 944351)
Daria Pustilnik (Fla. Bar No. 92514)
**KOBRE & KIM LLP**
201 South Biscayne Boulevard, Suite 1900
Miami, Florida
(305) 967-6100

Adam Fee (*pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York
(212) 530-5000

John Lu (*pro hac vice*)
**MILBANK LLP**
2029 Century Park East
Los Angeles, California
(424) 386-4000

*Attorneys for Middle East News, FZ-LLC and Masharea wa Enjazat IT Corporation LLC*


/s/ Andrew R. Kruppa_____
Andrew R. Kruppa (Fla. Bar No. 63958)
**SQUIRE PATTON BOGGS (US) LLP**
200 S. Biscayne Boulevard, Suite 4700
Miami, Florida 33131
(305) 577-7000
(305) 577-7001 (fax)
andrew.kruppa@squirepb.com

Mitchell R. Berger (*pro hac vice*)
Benjamin D. Wood (*pro hac vice*)
**SQUIRE PATTON BOGGS (US) LLP**
2550 M Street, N.W.
Washington D.C. 20037
(202) 457-6000
(202) 457-6315 (fax)
mitchell.berger@squirepb.com
benjamin.wood@squirepb.com

*Attorneys for Defendants Faisal Al Menaia, Awwad Al Otaibi, Tarek Abou Zeinab, and Turki Al Owerde*


/s/ Justin R. Cochran_____
Justin R. Cochran (Fla. Bar No. 110342)
**ZUCKERMAN SPAEDER LLP**
101 East Kennedy Boulevard, Suite 1200
Tampa, Florida 33602
(813) 221-1010
(813) 223-7961 (fax)
jcochran@zuckerman.com

William W. Taylor, III (*pro hac vice*)
Ivano Ventresca (*pro hac vice*)
**ZUCKERMAN SPAEDER LLP**
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
(202) 778-1800
(202) 822-8106 (fax)
wtaylor@zuckerman.com

*Attorneys for Defendants Bader Al Asaker and the Prince Mohammed bin Salman Abdulaziz Foundation*


/s/ David Oscar Markus_____
David Oscar Markus (Fla. Bar No. 119318)
**MARKUS/MOSS, PLLC**
40 N.W. Third Street Penthouse One
Miami, Florida 33128
(305) 379-6667
(305) 379-6668 (fax)
dmarkus@markuslaw.com

Barry J. Pollack (*pro hac vice*)
**LAW OFFICES OF BARRY J. POLLACK, LLC**
1629 K Street, N.W., Suite 300
Washington, D.C. 20006
(202) 230-9647
barryjpollack@gmail.com

*Attorneys for Defendant Saud Al Qahtani*


/s/Marcos Daniel Jimenez_____
Marcos Daniel Jimenez (Fla. Bar No. 441503)
**MARCOS D. JIMENEZ, P.A.**
255 Alhambra Circle, Suite 800
Coral Gables, FL 33134
(305) 570-3249
mdj@mdjlegal.com

*Attorney for Defendants Sharon Collins, Christanne Schey, Hussam Al-Jundi, and Annette Smith*