**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:20-cv-25022-KMM

GHADA OUEISS,

     Plaintiff,

v.

MOHAMMED BIN SALMAN BIN
ABDULAZIZ AL SAUD, *et al.*,

     Defendants.

                                 /

## OMNIBUS ORDER

THIS CAUSE came before the Court upon eight (8) Motions to Stay on behalf of the following eighteen (18) Defendants in this matter: (1) Mohammed bin Salman bin Abdulaziz Al Saud ("Crown Prince") and the Saudi Arabian Cultural Mission ("SACM") ("Crown Prince & SACM Mot.") (ECF No. 83); (2) Saud Alqahtani ("Alqahtani Mot.") (ECF No. 84); (3) DarkMatter and Faisal Al Bannai ("DarkMatter & Al Bannai Mot.") (ECF No. 86); (4) Faisal Al Menaia, Awwad Al Otaibi, Turki Al Owerde, and Tarek Abou Zeinab ("Al Menaia, Al Otaibi, Al Owerde, & Abou Zeinab Mot.") (ECF No. 87); (5) Prince Mohammed Bin Salman Abdulaziz Foundation ("MiSK Foundation") and Bader Al-Asaker ("MiSK Foundation & Al-Asaker Mot.") (ECF No. 89); (6) Middle East News, FZ-LLC[1] ("Middle East News") and Masharea wa Enjazat IT Corporation LLC[2] ("Masharea") ("Middle East News & Masharea Mot.") (ECF No. 90); (7) Sharon Van Rider,[3] Christanne Schey, Sam Jundi,[4] and Annette Smith ("USA Defendants' Mot.")

---

[1]  Incorrectly sued as Al Arabiya.  *See* (ECF No. 90).

[2]  Incorrectly sued as Saudi 24 TV.  *See id.*

[3]  Incorrectly sued as Sharon Collins.  *See* (ECF No. 93).

[4]  Incorrectly sued as Hussam Al-Jundi.  *See id.*

(ECF No. 93); and (8) H.H. Sheikh Mohamed Bin Zayed Al Nahyan ("H.H. Sheikh Mohamed Mot.") (ECF No. 107) (collectively, "Mots. to Stay").  Plaintiff Ghada Oueiss filed an Omnibus Response in Opposition to the various Motions to Stay.  ("Omnibus Resp.") (ECF No. 97). Defendants filed replies.  ("Crown Prince & SACM Reply") (ECF No. 123); ("Alqahtani Reply") (ECF No. 126); ("DarkMatter & Al Bannai Reply") (ECF No. 124); ("Al Menaia, Al Otaibi, Al Owerde, & Abou Zeinab Reply") (ECF No. 127); ("MiSK Foundation & Al-Asaker Reply") (ECF No. 128); ("Middle East News & Masharea Reply") (ECF No. 125); ("USA Defendants' Reply") (ECF No. 122); and ("H.H. Sheikh Mohamed Reply") (ECF No. 122).  The Motions are now ripe for review.

## I.      BACKGROUND

On December 9, 2020, Plaintiff filed a Complaint against eighteen (18) named Defendants, both foreign and domestic, and twenty (20) John Does, alleging claims of (1) hacking Plaintiff's mobile device in violation of the Alien Tort Statute, 28 U.S.C. § 1350; (2) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C); (3) violation of the Stored Communication Act, 18 U.S.C. §§ 2701–12; (4) intentional infliction of emotional distress under Florida law; (5) intrusion under Florida law; (6) public disclosure of private facts under Florida law; (7) libel under Florida law; and (8) civil conspiracy under Florida law.  ("Compl.") (ECF No. 1).

Plaintiff is an international journalist for *Al Jazeera Media Network* and a frequent contributor to U.S. news outlets, such as *The Washington Post*.  Compl. ¶ 1.  Plaintiff alleges that "Saudi government officials and agents of the crown princes of Saudi Arabia utilized their positions in U.S.-based entities . . . to recruit American citizens to join a campaign to promote pro-Saudi and pro-[United Arab Emirates ("UAE")] disinformation and attack any critics of the regimes, including Plaintiff."  *Id.* ¶ 3.  Plaintiff alleges that "Defendants hacked [Plaintiff's]

2

personal mobile device on several occasions" and "disseminated stolen personal images of [Plaintiff] . . . in an attempt to defame, disparage[,] and intimidate [Plaintiff] from continuing to report on the regimes' human rights abuses." *Id.*

Now, the eighteen (18) named Defendants move to stay all proceedings in this matter pending resolution of their various Motions to Dismiss. *See generally* Mots. to Stay.

## II.   LEGAL STANDARD

"The decision whether to grant a stay is committed to the district court's sound discretion, and the court is 'given considerable leeway in the exercise of its judgment.'" *Bos. Sci. Corp. v. Cook Grp. Inc.*, No. 1:17-cv-03448-JRS-MJD, 2019 WL 2511162, at *1 (S.D. Ind. June 17, 2019) (quoting *Ultratec, Inc. v. CaptionCall, LLC*, 611 F. App'x 720, 721–23 (Fed. Cir. 2015)). Indeed, "district courts have inherent, discretionary authority to issue stays in many circumstances." *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008). "Federal courts routinely exercise their power to stay a proceeding where a stay would promote judicial economy and efficiency." *Morrissey v. Subaru of Am., Inc.*, No. 1:15-cv-21106-KMM, 2015 WL 4512641, at *2 (S.D. Fla. July 24, 2015) (citation and internal quotation marks omitted). "The moving party bears the burden of demonstrating that a stay is appropriate." *Friends of the Everglades v. United States*, No. 08-21785-CIV-ALTONAGA/Brown, 2008 WL 11410108, at *2 (S.D. Fla. Nov. 7, 2008).

## III.   DISCUSSION

Defendants Crown Prince and SACM argue that their various bases for dismissal include defenses of foreign sovereign immunity, foreign official immunity, and lack of personal jurisdiction, "each of which is dispositive of Plaintiff's claims." Crown Prince & SACM Mot. 1. Defendants Crown Price and SACM further argue that "Eleventh Circuit precedent requires that Defendants' motions, as well as any appeal of immunity issues, be resolved before they can be

3

required to litigate this case in any way." *Id.* All other foreign Defendants either present similar arguments or join and adopt the reasoning set forth in Defendants Crown Prince and SACM's Motion. *See generally* Mots. to Stay. Defendants Al Menaia, Al Otaibi, Al Owerde, and Abou Zeinab add their 12(b)(6) defense—that Plaintiff's complaint fails to state claims upon which relief can be granted—as an additional basis in support of their Motion to Stay. Al Menaia, Al Otaibi, Al Owerde, & Abou Zeinab Mot. at 5–6. While USA Defendants do not raise foreign immunity or personal jurisdiction defenses in their Motion to Dismiss, they nonetheless join the various Motions to Stay filed by the foreign Defendants and argue that "discovery should not proceed in piecemeal fashion against some defendants but not others." USA Defendants' Mot. at 5–6.

In response, Plaintiff argues that the Defendants' claims of immunity are meritless, the assertion of personal jurisdiction defenses do not warrant a stay, a wholesale stay is improper because Plaintiff will suffer significant prejudice, and the 12(b)(6) argument does not warrant a stay because Plaintiff's claims are meritorious and there has been no delay in this case. Omnibus Resp. 1–29.

United States Supreme Court and Eleventh Circuit Court of Appeals precedent instructs that defenses of immunity should be resolved at the earliest stages of litigation so that defendants subject to such immunity are not unnecessarily burdened with litigation requirements, including discovery. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam) (citation and internal quotation marks omitted) ("[B]ecause the entitlement [to immunity] is an immunity from suit rather than a mere defense to liability, we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation."); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until [the] threshold immunity question is resolved, discovery should not be allowed."); *Howe v. City of Enter.*, 861 F.3d 1300, 1302 (11th Cir. 2017) (per curiam) ("[R]equiring the parties to develop their Rule 26(f) report before the court ruled on the immunity

defenses is [] inconsistent with *Bouchard Transportation* and other decisions which establish that immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted."); *Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996) (per curiam) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)) ("Like a public official's qualified immunity, a state's Eleventh Amendment immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'"). Further, "when faced with legitimate jurisdictional challenges . . . , discovery should not commence until such challenges are resolved." *Lewis v. Mercedes-Benz USA, LLC*, No. 19-CIV-81220-RAR, 2020 WL 4923640, at *3 (S.D. Fla. Mar. 25, 2020) (citations omitted) (granting a stay of discovery pending ruling on the defendant's motion to dismiss, in part based on an asserted lack of personal jurisdiction). A stay of discovery may logically be applied to all parties in an action, even those who do not raise jurisdictional challenges. *Ashcroft v. Iqbal*, 556 U.S. 662, 685–86 (2009) ("It is quite likely that, when discover as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery").

Plaintiff's response first delves into the merits of the various underlying immunity defenses raised. *See* Omnibus Resp. at 7–20. The Court will address the merits of such defenses in due course when ruling on the ten (10) motions to dismiss that have since been filed in this action by the eighteen named Defendants—nine (9) which, among other defenses, assert at least one form of immunity and challenge personal jurisdiction.

Plaintiff argues that wholesale discovery is not warranted here and that tailored discovery should be permitted. Omnibus Resp. at 23–26. However, the cases Plaintiff cites in support of her request for tailored discovery involved only one or two potentially immune defendants. Here

the inverse is true, and the majority of the named Defendants assert at least one form of immunity and challenge personal jurisdiction. Those matters simply must be resolved before discovery can proceed. Rather than proceeding down two separate case tracks, in the interest of judicial economy, the Court finds a stay of all pretrial proceedings is appropriate here until the Court rules on the pending motions to dismiss.

## IV.     CONCLUSION

UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendants' Motions to Stay (ECF Nos. 83, 84, 86, 87, 89, 90, 93, and 107) are GRANTED. It is FURTHER ORDERED that all pretrial obligations in this matter, including discovery, are STAYED until the Court resolves the pending Motions to Dismiss.

DONE AND ORDERED in Chambers at Miami, Florida, this _5th_ day of April, 2021.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:      All counsel of record