## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

No. 1:20-cv-25022-MOORE/LOUIS

GHADA OUEISS,

                                        Plaintiff,

          vs.

MOHAMMED BIN SALMAN BIN
ABDULAZIZ AL SAUD, *et al.*,
                                        Defendants.

_____/




## MASHAREA WA ENJAZAT IT CORPORATION LLC'S
## REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST
## AMENDED COMPLAINT

### **TABLE OF CONTENTS**

PRELIMINARY STATEMENT………………………………………………………………… 1

ARGUMENT…………………………………………………………………………………... 2

I.  PLAINTIFF HAS FAILED TO ESTABLISH PERSONAL JURISDICTION OVER
    MASHAREA ................................................................................................................. 2

    A.  PLAINTIFF DOES NOT DISPUTE THAT RULE 4(K)(2) CANNOT PROVIDE PERSONAL
        JURISDICTION OVER MASHAREA ............................................................................ 2

    B.  PLAINTIFF DOES NOT DISPUTE THAT THIS COURT LACKS GENERAL JURISDICTION
        OVER MASHAREA ................................................................................................... 2

    C.  CONCLUSORY ALLEGATIONS OF A CONSPIRACY OR AGENCY RELATIONSHIP WITH
        OTHER DEFENDANTS ARE INSUFFICIENT TO RENDER SPECIFIC PERSONAL
        JURISDICTION OVER MASHAREA ............................................................................ 2

        1.  Plaintiff Does Not Adequately Allege An Agency Relationship Between
            Masharea And Mr. Zeinab ............................................................................ 3

        2.  Plaintiff's Conspiracy Allegations Are Insufficient To Establish Personal
            Jurisdiction ................................................................................................... 5

        3.  Personal Jurisdiction Over Masharea Offends Notions Of Fair Play And
            Substantial Justice ........................................................................................ 6

II. IF THE AMENDED COMPLAINT'S ALLEGATIONS ARE ASSUMED TO BE
    TRUE, THEN MASHAREA IS ENTITLED TO SOVEREIGN IMMUNITY ................... 7

    A.  MASHAREA WOULD BE ENTITLED TO COMMON LAW CONDUCT-BASED IMMUNITY .......... 7

    B.  MASHAREA WOULD BE ENTITLED TO DERIVATIVE IMMUNITY ................................ 8

III. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER FLORIDA LAW .................... 9

    A.  PLAINTIFF DOES NOT DISPUTE THAT HER CLAIMS AGAINST MASHAREA DO NOT
        APPLY TO THE EXTRATERRITORIAL CONDUCT ALLEGED ...................................... 9

    B.  PLAINTIFF HAS FAILED TO PLAUSIBLY ALLEGE IIED AND CIVIL CONSPIRACY ............... 10

CONCLUSION……………………………………………………………………………… 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Broidy Cap. Mgmt. LLC v. Muzin*,
  No. 20-7040, 2021 WL 3950185 (D.C. Cir. Sept. 3, 2021)................................................8, 9

*Butters v. Vance Int'l, Inc.*,
  225 F.3d 462 (4th Cir. 2000) .............................................................................................8, 9

*In re Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.*,
  792 F. Supp. 2d 1301 (S.D. Fla. 2011) ............................................................................9, 10

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
  141 S. Ct. 1017 (2021)............................................................................................................6

*In re Investigation of World Arrangements with Rel. to Prod., Transp., Refin. & Distrib. of Petroleum*,
  13 F.R.D. 280 (D.D.C. 1952)..................................................................................................8

*Jessop v. Penn Nat'l Gaming, Inc.*,
  No. 6:18-cv-1741-Orl-37DCI, 2019 WL 5549143 (M.D. Fla. Oct. 28, 2019) ........................4

*Keeton v. Hustler Magazine, Inc.*
  465 U.S. 770 (1984)............................................................................................................6, 7

*Marjam Supply Co. of Fla., LLC v. Pliteq, Inc.*,
  No. 15-24363-CIV, 2016 WL 11501768 (S.D. Fla. Sept. 14, 2016)........................................5

*McMahon v. Presidential Airways, Inc.*,
  502 F.3d 1331 (11th Cir. 2007) ..............................................................................................9

*Moriah v. Bank of China*,
  107 F. Supp. 3d 272 (S.D.N.Y. 2015)......................................................................................8

*S.B. v. Tenet Healthcare Corp.*,
  732 F. App'x 721 (11th Cir. 2018) ..........................................................................................4

*S.B. v. Tenet Healthcare Corp.*,
  No. 1:17-CV-00075-RWS, 2017 WL 6389675 (N.D. Ga. Aug. 11, 2017) ..............................4

*Samantar v. Yousuf*,
  560 U.S. 305 (2010)............................................................................................................7, 9

*Sonic Momentum B, LP v. Motorcars of Distinction, Inc.*,
  No. 11-80591-CIV, 2011 WL 4738190 (S.D. Fla. Oct. 7, 2011) .........................................5, 6

*Taste Trackers, Inc. v. UTI Transp. Sols., Inc.*,
  No. 13-23377-CIV, 2014 WL 129309 (S.D. Fla. Jan. 14, 2014)................................................4

*Thompson v. Carnival Corp.*,
  174 F. Supp. 3d 1327, 1339 (S.D. Fla. 2016) (Moore, J.) ......................................................10

*United States v. Massey*,
  89 F.3d 1433 (11th Cir. 1996) ..........................................................................................5, 6

*Wilcox v. Stout*,
  637 So. 2d 335 (Fla. Dist. Ct. App. 1994) ...............................................................................5

*Yousuf v. Samantar*,
  699 F.3d 763 (4th Cir. 2012) ...................................................................................................7

**Statutes**

28 U.S.C. § 1603.............................................................................................................................7

28 U.S.C. § 1604.............................................................................................................................7

## <u>PRELIMINARY STATEMENT</u>

Plaintiff's Omnibus Response in Opposition to Defendants' Motions to Dismiss Amended Complaint, ECF No. 172 (the "<u>Opposition</u>" or "<u>Opp.</u>"),[1] attempts to group together all "Foreign Defendants" in a thinly veiled effort to hide the fact that Defendant Masharea itself is not alleged to have engaged in any malfeasance. Instead, *other* defendants are alleged to have: (1) hacked Plaintiff's phone and stolen her private photographs and videos; (2) recruited, via Twitter, a "Network" of "American Nodes"; and (3) leaked stolen and sometimes altered material that Plaintiff alleges to be insulting, defamatory, or private. Plaintiff spends the majority of the Opposition arguing that she is the subject of a worldwide conspiracy to hack, leak, and defame, yet there are no allegations that Masharea was in any way involved in, or even knew of, the alleged hacking, leaking, and defamation.

Plaintiff seeks to draw Masharea into this litigation solely based on generic and conclusory allegations of an agency relationship with Defendant Tarek Abou Zeinab, a *freelance* journalist who is alleged to have used his *personal* Twitter account to recruit Americans to post and share content favorable to Saudi Arabia. As Masharea made clear in its Motion to Dismiss, the Amended Complaint fails to allege the required elements of an agency relationship: (1) acknowledgement by the principal that the agent will act for him; (2) acceptance by the agent; and (3) control by the principal over the agent's actions. Plaintiff's Opposition does not address any of these deficiencies.

The claims against Masharea must be dismissed for lack of personal jurisdiction. Apart from implausible and conclusory allegations of agency and Masharea joining a worldwide conspiracy, Plaintiff's Opposition fails to identify any contact between Masharea and the relevant jurisdiction, Florida. There are no allegations that Masharea undertook any action in Florida or had any interaction with or even knew any of the Florida defendants.

However, if Plaintiff's allegations of conspiracy and agency were credited, the doctrines of conduct-based and derivative immunity would shield Masharea from Plaintiff's claims. The Opposition cites no compelling authority to the contrary.

Lastly, Plaintiff's Opposition fails to rebut compelling authority requiring the

---

[1]    Terms not defined herein are to be given the meaning used in Masharea's Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 168 (the "<u>Motion</u>" or "<u>Masharea Mot.</u>"), and the Amended Complaint, ECF No. 135 (the "<u>Amended Complaint</u>" or "<u>Am. Compl.</u>").

dismissal of Plaintiff's Florida common law claims against Masharea because they do not apply to the extraterritorial conduct alleged here.

## ARGUMENT

I. **PLAINTIFF HAS FAILED TO ESTABLISH PERSONAL JURISDICTION OVER MASHAREA**

### A. PLAINTIFF DOES NOT DISPUTE THAT RULE 4(K)(2) CANNOT PROVIDE PERSONAL JURISDICTION OVER MASHAREA

As explained in Masharea's Motion to Dismiss, Rule 4(k)(2) cannot confer jurisdiction absent a federal claim against that party. Masharea Mot. at 4-5 (collecting cases). Because the Amended Complaint dropped all federal claims against Masharea, Rule 4(k)(2) is inapplicable, and only Masharea's contacts with Florida, and not the United States as a whole, may be considered when evaluating personal jurisdiction. Masharea Mot. at 5. Plaintiff does not dispute any of these conclusions.

### B. PLAINTIFF DOES NOT DISPUTE THAT THIS COURT LACKS GENERAL JURISDICTION OVER MASHAREA

The Opposition similarly fails to dispute that there are no alleged contacts between Masharea and Florida that could support general jurisdiction. While the Opposition repeats that Masharea "owns and operates news network Saudi 24 TV, which has offices in Saudi Arabia and the U.S.," Opp. at 8, because Plaintiff has dropped her federal claims against Masharea, the only forum at issue for the contacts analysis is Florida. As such, allegations of offices elsewhere in the United States are irrelevant to the question of personal jurisdiction.

### C. CONCLUSORY ALLEGATIONS OF A CONSPIRACY OR AGENCY RELATIONSHIP WITH OTHER DEFENDANTS ARE INSUFFICIENT TO RENDER SPECIFIC PERSONAL JURISDICTION OVER MASHAREA

Apart from the allegations of conspiracy and agency, the Amended Complaint fails to allege any wrongful acts by Masharea itself, much less a tortious act within Florida. *See* Opp. at 28-29 (relying solely on Mr. Zeinab's alleged agency relationship with Saudi 24 TV to argue jurisdiction over Masharea); Masharea Mot. at 10-11. Masharea's Motion explained why allegations that Masharea controlled Mr. Zeinab were insufficiently pled to establish an agency

relationship (as well as being factually incorrect). *See id.* at 9-10.[2] Plaintiff's Opposition did not address these failings.

**1. Plaintiff Does Not Adequately Allege An Agency Relationship Between Masharea And Mr. Zeinab**

In the Amended Complaint, Plaintiff alleges, without any factual detail, that Mr. Zeinab was acting on behalf of Masharea. Quoted below are the only allegations of an agency relationship between Masharea and Mr. Zeinab contained in the Amended Complaint; none contains sufficient factual detail of an agency relationship:

- "Upon information and belief, Defendant Zeinab . . . *in his capacity as a Saudi 24 TV employee*, and at the instruction of Defendant MBS and other high-ranking officers of Saudi 24 TV . . . recruited various American citizens . . . to join a propaganda campaign intended to promote Defendant MBS's interests and attack his critics, including Ms. Oueiss." Am. Compl. ¶ 92 (emphasis added).

- "*As an agent of Defendant Saudi 24 TV* (the alter ego of Defendant MBS), Defendant Zeinab instructed, influenced, and otherwise directed the American Nodes to post pro-Defendant MBS disinformation, and to attack Defendant MBS's perceived enemies, including Ms. Oueiss." Am. Compl. ¶ 100 (emphasis added).

- "Defendant Zeinab knowingly *acted at the direction of, and under the control, of . . . high-ranking officers of Defendant Saudi 24 TV*, in recruiting American (as well as foreign) citizens into the Network." Am. Compl. ¶ 103 (emphasis added).

- "Defendant Zeinab, *acting through his position at, and through direction of several officers of, Saudi 24 TV*, agreed to assist Defendants Al Qahtani and Al-Asaker in creating the Network." Am. Compl. ¶ 295 (emphasis added).

- "The Recruiting Defendants (*i.e.*, Zeinab, Al Menaia, Al-Owerde, and Al Otaibi), *at the direction of* Defendants MBS, Al Qahtani, Al-Asaker *and officers of Saudi 24 TV*, committed the overt act of recruiting each individual in the Network for the purpose of spreading pro-Defendant MBS propaganda." Am. Compl. ¶ 308(e) (emphasis added).

Merely alleging the legal conclusion that Mr. Zeinab's conduct was done "in his capacity as a Saudi 24 TV employee" and "through the direction of several officers of Saudi 24 TV" is insufficient as a matter of law to overcome a motion to dismiss.

It is well-established in the Eleventh Circuit that "a bare assertion of the existence of

---

[2]    Masharea also adopts and incorporates by reference arguments by Defendant Zeinab that personal jurisdiction is lacking over his actions. *See* Opp. at 8-10; Defendants Faisal Al Menaia, Awwad Al Otaibi, Turki Al-Owerde, and Tarek Abou Zeinab Mot., ECF No. 163, at 3-15, 17-19.

an agency relationship, when made by an outsider to the alleged relationship, is not a statement of fact, but merely an unsupported conclusion of law." *S.B. v. Tenet Healthcare Corp.*, 732 F. App'x 721, 724 (11th Cir. 2018) (quoting *Thornton v. Carpenter*, 476 S.E.2d 92, 94 (Ga. Ct. App. 1996)); *see also Jessop v. Penn Nat'l Gaming, Inc.*, No. 6:18-cv-1741-Orl-37DCI, 2019 WL 5549143, at *5 (M.D. Fla. Oct. 28, 2019) (finding "vague, conclusory allegations of control and agency" insufficient); *S.B. v. Tenet Healthcare Corp.*, No. 1:17-CV-00075-RWS, 2017 WL 6389675, at *5 (N.D. Ga. Aug. 11, 2017) (finding pleadings insufficient to establish an agency relationship where the plaintiff only alleged that an employee acted in his "capacity as an employee or authorized representative" and otherwise "does not plead any facts supporting her conclusion that [the employee] was acting as an agent, employee, or authorized representative . . . ."); *Taste Trackers, Inc. v. UTI Transp. Sols., Inc.*, No. 13-23377-CIV, 2014 WL 129309, at *2 (S.D. Fla. Jan. 14, 2014) ("[T]he Complaint's sole reference to agency . . . that VLW is Defendant's agent . . . [is a] conclusory allegation . . . insufficient to establish agency."). Plaintiff cites no contrary law.[3]

The Eleventh Circuit's decision in *Tenet Healthcare* is on point. There, the court found the plaintiff's allegations insufficient to support a plausible inference of agency between alleged principal Tenet and alleged agent Clinica. *Tenet Healthcare*, 732 F. App'x at 724. The complaint "provided only conclusory allegations that Tenet 'utilized Clinica as its agent,' that 'Clinica's owner and operators . . . acted as agents of the [Tenet] hospitals,' and that Tenet gave 'explicit instructions' to Clinica." *Id.* The court found such conclusory allegations insufficient to support a plausible inference of agency. *Id.* The same is true here.

As Masharea's Motion to Dismiss pointed out, there are no allegations that Masharea acknowledged that Mr. Zeinab would act on its behalf or that Mr. Zeinab had accepted such a role, nor are there any allegations detailing how or in what way Masharea exerted any control over Mr. Zeinab's actions—all necessary elements of an agency relationship. Masharea Mot. at 9. And the allegedly wrongful actions taken by Mr. Zeinab against Plaintiff were all done through his personal Twitter account before the date of his alleged employment by Masharea, making the conclusory allegations of Masharea controlling his actions all the more implausible. *Id.* at 9-10.

It is not surprising that Plaintiff has made no factual allegations that support a plausible inference that Mr. Zeinab acted as an agent for Masharea in his allegedly wrongful conduct

---

[3]     The only agency-related cases cited by Plaintiff relate to CFAA liability and are inapplicable here. Opp. at 41.

("recruiting" and posting on Twitter). As Masharea indicated in its Motion to Dismiss the original Complaint, Mr. Zeinab is a freelance journalist who has never been an employee of Masharea and has only sold news content—which had nothing to do with Plaintiff—to Masharea. Masharea First Mot., ECF No. 114, at 7-10.

### 2.   Plaintiff's Conspiracy Allegations Are Insufficient To Establish Personal Jurisdiction

Plaintiff cites *Wilcox v. Stout*, 637 So. 2d 335, 337 (Fla. Dist. Ct. App. 1994) for the proposition that Florida's long-arm statute confers personal jurisdiction if allegations of a conspiracy are well-pled and a member of the conspiracy committed a tort in the state. Opp. at 27. Plaintiff's assertion that Masharea is a member of the alleged conspiracy, however, is not well-pled. *See Marjam Supply Co. of Fla., LLC v. Pliteq, Inc*., No. 15-24363-CIV, 2016 WL 11501768, at *4-5 (S.D. Fla. Sept. 14, 2016) (rejecting conspiracy-based personal jurisdiction and distinguishing from *Wilcox* on the basis that "[i]n this case, there are no facts supporting URB's involvement in a conspiracy with Pliteq. To allege a civil conspiracy, Marjam must cite facts allowing for the reasonable inference" of a conspiracy).

In her Opposition, Plaintiff recites what she refers to as "strong circumstantial evidence of the Conspiracy," but missing from her recitation is any reference to Masharea. Opp. at 58 (identifying only the actions of other defendants). Plaintiff's conspiracy claim against Masharea hinges entirely on the conclusory allegations that Zeinab interacted with "co-conspirators," and "directed the American Nodes to . . . attack . . . Ms. Oueiss," at the direction of Masharea. Am. Compl. ¶¶ 96, 100, 103. Plaintiff argues that Masharea was a so-called "critical actor" in what she characterizes as "the dissemination and amplification phase" of the alleged conspiracy. Opp. at 8. Plaintiff argues that, "[a]cting in concert with MBS . . . Saudi 24 TV published content consistent with his personal goal of snuffing out critics." *Id*. at 9. Yet nowhere in her Amended Complaint (or her Opposition) does Plaintiff detail, or even generally describe, what allegedly problematic content Masharea published.

Plaintiff's reliance on *Sonic Momentum B, LP v. Motorcars of Distinction, Inc.*, No. 11-80591-CIV, 2011 WL 4738190 (S.D. Fla. Oct. 7, 2011) and *United States v. Massey*, 89 F.3d 1433 (11th Cir. 1996) to argue that she does not need to allege details to establish a conspiracy is misplaced. *Massey* holds that a criminal conviction for bribery may be sustained on the basis of circumstantial evidence elicited at trial—a principle that is inapplicable to whether Plaintiff has

adequately pled that Masharea joined a conspiracy to hack and leak. 89 F.3d at 1439 (upholding bribery conviction where circumstantial evidence of a criminal agreement was presented at trial). While *Sonic Momentum* recognizes that that the exact "terms of the [conspiratorial] agreement, when it was entered, . . . or other particularities" need not be alleged, it recognizes that the plaintiff still must "plead . . . facts which raise a reasonable expectation that discovery will reveal evidence of" a conspiracy. 2011 WL 4738190, at *5. Plaintiff has not done so here with respect to Masharea.

### 3. Personal Jurisdiction Over Masharea Offends Notions of Fair Play and Substantial Justice

Due Process requires Plaintiff's claims to "arise out of or relate to the defendant's contacts with the forum" and that a defendant "take some act by which it purposefully avails itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024-25 (2021) (quotation omitted). Yet Plaintiff has not alleged *any* activity by Masharea in Florida giving rise to her claims. Instead, her only argument as to Masharea that attempts to satisfy the "arise out of" prong is that "Zeinab (and, therefore, Zeinab's employer, Saudi 24 TV) all *personally* interacted with their Florida co-conspirators." Opp. at 31 (emphasis added). But Mr. Zeinab's personal actions cannot legally be attributed to Masharea. *See infra* Section I.D.1; Masharea Mot. at 8-10. Likewise, the purposeful availment test requires some act by Masharea in or directed at the forum. None exists here.

Despite Plaintiff's arguments to the contrary, the exercise of personal jurisdiction over Masharea would plainly "offend traditional notions of fair play and substantial justice." *Ford Motor Co.*, 141 S.Ct. at 1024 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316-17 (1945)). Here, Masharea is "at home" in Saudi Arabia and would bear a substantial burden defending these claims in Florida. Plaintiff neither resides in Florida, nor has she set forth any particular interest that Florida has with respect to her claims against Masharea.

Plaintiff relies on *Keeton v. Hustler Magazine, Inc.* 465 U.S. 770, 773, 780-81 (1984), for the proposition that even a small portion of harm, here 0.14% of the total tweets allegedly harassing Ouiess (none of which were posted by Masharea), is sufficient to provide Florida with a particular interest in resolving her claims. Opp. at 32-33. The Supreme Court in *Keeton* held, however, that a state within which only "a small proportion" of harm occurred may be a proper forum so long as "the defendant has 'certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Keeton*, 465 U.S.

at 773, 780-81 (cleaned up). In *Keeton*, the bulk of the harm alleged occurred outside of New Hampshire, but the respondent "continuously and deliberately exploited the New Hampshire market." *Id*. at 781. Here, Masharea has no contacts with Florida and has not done anything to exploit the Florida market. As such, the minimal harm alleged to have occurred in Florida is, by itself, insufficient to support jurisdiction.

## II.   IF THE AMENDED COMPLAINT'S ALLEGATIONS ARE ASSUMED TO BE TRUE, THEN MASHAREA IS ENTITLED TO SOVEREIGN IMMUNITY

### A.   MASHAREA WOULD BE ENTITLED TO COMMON LAW CONDUCT-BASED IMMUNITY

Common law conduct-based immunity is based on a defendant's conduct irrespective of that defendant's official status. *Yousuf v. Samantar*, 699 F.3d 763, 774 (4th Cir. 2012). Plaintiff concedes that the Court may find sovereign immunity even if the Department of State does not issue a Suggestion of Immunity. Opp. at 18-19. In such an instance, courts look to whether the State Department's policy for granting immunity is satisfied. *Samantar v. Yousuf*, 560 U.S. 305, 311-12 (2010).

Masharea adopts and incorporates by reference the arguments of the Crown Prince concerning conduct-based immunity, including that any actions taken by the Crown Prince as part of the alleged "hack and leak operation" would have been an exercise of his official powers and *not* an act in his personal capacity. Crown Prince Mot., ECF 161, at 16-20; Crown Prince Reply, ECF No. 175, at 4-7.

Masharea is alleged to have acted as an agent of the Crown Prince. According to the Amended Complaint, Masharea is "dominated and controlled by [the Crown Prince]," and acted through its alleged employee "at the instruction of [the Crown Prince]." Am. Compl. ¶¶ 91-92. The Amended Complaint also alleges that all defendants were "agents" of the Crown Prince and should have registered under the Foreign Agent Registration Act as agents of the foreign state. *See id.* ¶¶ 195, 246-47.

As an alleged agent of the Crown Prince, Masharea would be protected by conduct-based sovereign immunity. The application of sovereign-immunity to agents of a foreign state— including corporate entities—is well established. The Foreign Sovereign Immunities Act ("FSIA") expressly confers sovereign immunity on a state's corporate agent. 28 U.S.C. §§ 1603 (a), (b); 1604 (conferring sovereign immunity on a foreign state and defining "foreign state" as including an "agency or instrumentality," which can be "a separate legal person, *corporate* or

otherwise" (emphasis added)). Sovereign immunity was also applied to corporate entity agents at common law, before the FSIA was enacted. *See In re Investigation of World Arrangements with Rel. to Prod., Transp., Refin. & Distrib. of Petroleum*, 13 F.R.D. 280, 290 (D.D.C. 1952) (extending sovereign immunity to the Anglo-Iranian Oil Company as a "corporate-agent" of the British Government).

While Plaintiff contends that only natural persons, and not corporate entities, are entitled to conduct-based immunity, Opp. at 24-25, Plaintiff does not point to any statute or court decision that so holds, nor does Plaintiff articulate why that distinction would make sense. Instead, Plaintiff points only to an amicus brief filed in the Ninth Circuit in which the amici say they are not aware of authority showing that conduct-based immunity *does* extend to corporations or other entities. *Id.* Of course, that is not the same as saying that conduct-based immunity *cannot* extend to such entities. Indeed, in a very recent D.C. Circuit decision discussing conduct-based immunity, the court denied such immunity to both individuals and a corporate entity who claimed to be agents of Qatar but notably did *not* suggest that conduct-based immunity cannot extend to agents that are corporate entities. *See Broidy Cap. Mgmt. LLC v. Muzin*, No. 20-7040, 2021 WL 3950185, at \*7-8 (D.C. Cir. Sept. 3, 2021). Instead, the court denied conduct-based immunity on the basis that the defendants in tarnishing the plaintiff's reputation were not alleged to have been following directives from Qatar. *Id.* at \*8. Here, by contrast, Plaintiff does allege that Masharea followed directives from the Crown Prince, who himself is a public minister of the Kingdom of Saudi Arabia. *E.g.*, Am. Compl. ¶¶ 91-92. Because foreign sovereign immunity has been applied to both natural persons and corporate entities that acted as agents of a foreign state, there is no good reason to conclude that conduct-based immunity does not extend to corporate entities.  Instead, this Court can and should conclude that Masharea is protected by conduct-based immunity.

### B.   MASHAREA WOULD BE ENTITLED TO DERIVATIVE IMMUNITY

As an alleged agent of the Crown Prince, Masharea would also be entitled to derivative immunity. This concept was applied by the Fourth Circuit in *Butters v. Vance Int'l, Inc.*, 225 F.3d 462, 466 (4th Cir. 2000), which held that a U.S. corporation was immune because it acted as an agent of the Kingdom of Saudi Arabia. *See also Moriah v. Bank of China*, 107 F. Supp. 3d 272, 277 (S.D.N.Y. 2015) ("It is 'well-settled law that contractors and common law agents acting within the scope of their employment . . . have derivative sovereign immunity.'") (quoting *Butters*, 225 F.3d at 466).

Although Plaintiff points to a statement by the Eleventh Circuit that "[w]e have never upheld a claim of derivative sovereign immunity," Opp. at 25, the court there was not discussing foreign immunity but rather *Feres* immunity, which protects the U.S. government from suits by service members of the military for injuries incident to military service. *McMahon v. Presidential Airways, Inc.*, 502 F.3d 1331, 1341-56 (11th Cir. 2007). Masharea is not aware of the Eleventh Circuit ever having considered, let alone rejected, the application of derivative foreign common law immunity. Finally, while Plaintiff points to the D.C. Circuit's decision in *Broidy* to undermine *Butters*, the D.C. Circuit expressly stated that it was "not decid[ing] whether derivative immunity might apply were a sovereign specifically to order a private party to take action on its behalf as sovereign in violation of U.S. law."[4] *Broidy*, 2021 WL 3950185, at *10. Moreover, the *Broidy* court held that the defendants did not meet the *Butters* standard because they were not alleged to have been "specifically ordered" by Qatar to carry out the alleged hacking scheme. *Id.* By contrast, as stated above, in this case Plaintiff *has* alleged that Masharea acted upon the specific orders of the Crown Prince. Accordingly, this Court is free to apply derivative foreign immunity, and should do so here.

## III.  PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER FLORIDA LAW

### A.  PLAINTIFF DOES NOT DISPUTE THAT HER CLAIMS AGAINST MASHAREA DO NOT APPLY TO THE EXTRATERRITORIAL CONDUCT ALLEGED

Plaintiff's claims against Masharea, all of which are brought under Florida common law, should be dismissed because they do not apply to the extraterritorial conduct alleged. As detailed in Masharea's Motion to Dismiss, state common law will not apply to extraterritorial conduct unless such conduct "has or is intended to have substantial effect within [Florida's] territory" or the conduct at issue is "recognized by the community of nations as of universal concern." Masharea Mot. at 11-12 (citing *In re Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.*, 792 F. Supp. 2d 1301, 1355 (S.D. Fla. 2011), *rev'd in part on other grounds*, *Cardona v. Chiquita Brands Int'l, Inc.*, 760 F.3d 1185 (11th Cir. 2014)).

As discussed in Section I above, there is no plausible allegation that Masharea engaged in conduct that had, or was intended to have, a substantial effect in Florida. Moreover, like

---

[4]    While it is true that the court in *Butters* applied the FSIA to a private actor's claim of immunity, which approach was overruled by *Samantar*, the rest of the reasoning in *Butters* remains good law and applies to the facts that Plaintiff alleges here.

*Chiquita*, the common law claims against Masharea—IIED and civil conspiracy to commit the preceding—are "ordinary torts" and not matters of universal concern among nations. 792 F. Supp. 2d at 1355 (dismissing state-law claims with no substantial effect in Florida because "ordinary tort claims" such as IIED are not "matters of universal concern recognized by the community of nations."). Plaintiff's Opposition entirely fails to address this dispositive extraterritoriality issue, much less rebut it.

### B.    PLAINTIFF HAS FAILED TO PLAUSIBLY ALLEGE IIED AND CIVIL CONSPIRACY

Masharea incorporates arguments made in the Middle East News' Reply at 7-10, concerning Plaintiff's failure to adequately plead the elements of her causes of action for IIED under Florida law. None of the examples of allegedly "outrageous conduct" cited by Plaintiff in support of her IIED claim were allegedly conducted by Masharea, and Plaintiff has failed to sufficiently plead severe emotional distress. *See* Opp. at 46-47. For reasons discussed above, Plaintiff also has failed to plausibly allege Masharea was involved in a conspiracy to hack and defame Plaintiff.

### CONCLUSION

For the foregoing reasons, the Court should dismiss with prejudice all claims against Masharea. Additionally, Plaintiff's renewed request in her Opposition brief for jurisdictional discovery should be denied. First, Plaintiff's method of request "is procedurally improper." *Thompson v. Carnival Corp.*, 174 F. Supp. 3d 1327, 1339 (S.D. Fla. 2016) (Moore, J.); *see also* MiSK Reply, ECF No. 179, at 10. Second, as this Court previously held, Supreme Court and Eleventh Circuit precedent instructs that immunity defenses should be resolved prior to discovery so that immune defendants are not unnecessarily burdened with litigation requirements. *See* Order Granting Motions to Stay, ECF No. 130; Order on Plaintiff's Motion for Jurisdictional Discovery, ECF No. 131.

Dated:        October 14, 2021

*/s/ Adam Fee*
Adam Fee (*pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York
Telephone: (212) 530-5000
AFee@milbank.com


John Lu (*pro hac vice*)
**MILBANK LLP**
2029 Century Park East
Los Angeles, California
Telephone: (424) 386-4000
JLu@milbank.com

*/s/ Evelyn Baltodano-Sheehan*
Evelyn Baltodano-Sheehan (Florida Bar No. 944351)
Daria Pustilnik (Florida Bar No. 92514)
**KOBRE & KIM LLP**
201 South Biscayne Boulevard
Suite 1900
Miami, Florida
Telephone: (305) 967-6100
Evelyn.Sheehan@kobrekim.com
Daria.Pustilnik@kobrekim.com

*Counsel for Masharea wa Enjazat IT Corporation LLC*