UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-civ-25022-KMM

GHADA OUEISS,

        Plaintiff,

v.

MOHAMMED BIN SALMAN BIN ABDULAZIZ AL SAUD, MOHAMMED BIN ZAYED AL NAHYAN, DARKMATTER, FAISAL AL BANNAI, SAUDI 24 TV, A BROADCAST TELEVISION STATION OWNED BY THE KINGDOM OF SAUDI ARABIA, AL ARABIYA, A BROADCAST TELEVISION STATION OWNED BY THE KINGDOM OF SAUDI ARABIA, PRINCE MOHAMMED BIN SALMAN ABDULAZIZ FOUNDATION D/B/A MISK FOUNDATION, SAUD AL QAHTANI BADER AL-ASAKER, SAUDI ARABIAN CULTURAL MISSION, TEREK ABOU ZEINAB, TURKI AL-OWERDE, FAISAL AL MENAIA, AWWAD AL OTAIBI, SHARON COLLINS, CHRISTANNE SCHEY, HUSSAM AL-JUNDI, ANNETTE SMITH, JOHN DOES 1-20,

        Defendants.

_____

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF OF ELECTRONIC FRONTIER FOUNDATION IN SUPPORT OF PLAINTIFF AGAINST DEFENDANT DARKMATTER'S MOTION TO DISMISS**

Non-party Electronic Frontier Foundation (EFF) seeks leave to file the *amicus curiae* brief attached to this motion in support of Plaintiff against Defendant DarkMatter's Motion to Dismiss, ECF 165. Plaintiff consents to the filing of the *amicus* brief. Defendant DarkMatter does not consent to the filing of the *amicus* brief.

1

**MEMORANDUM OF LAW**

This Court has the inherent authority to allow an *amicus curiae* to participate and assist the Court. *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500 (S.D. Fla. 1991) (citations omitted). EFF's *amicus* brief will provide useful assistance to this Court at this early stage of the case, where briefing on Defendants' Motions to Dismiss has just been completed. *News & Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 31 (S.D. Fla. 1988) (denying motion for leave to file *amicus* brief, where motion was filed two weeks after completion of trial). EFF respectfully requests to file the *amicus* brief attached to this motion.

EFF is a San Francisco-based, member-supported, nonprofit civil liberties organization that has worked for over 30 years to protect free speech, privacy, security, and innovation in the digital world. With over 38,000 members, and harnessing the talents of lawyers, activists, and technologists, EFF represents the interests of technology users in court cases and policy debates at the local, national, and international levels regarding the application of law to the Internet and other technologies.

Before this Court, among many issues related to the Motions to Dismiss, is the question of whether Defendant DarkMatter, a private technology company based in the United Arab Emirates (U.A.E.), should be granted foreign sovereign immunity for, according to Plaintiff, hacking into Plaintiff's mobile device at the behest of the Crown Prince of Saudi Arabia in political retaliation for her work as a journalist. *See* Am. Compl., ECF 135, ¶ 123; Def. DarkMatter MTD Br., ECF 165, 17-19.

EFF has a strong interest in ensuring that the law provides accountability for corporations that assist foreign governments (or those individuals in power, such as the Crown Prince) in violating human rights. EFF supports the arguments of Plaintiff against granting

foreign sovereign immunity to DarkMatter. *See* Pl. MTD Op. Br., ECF 172, 18-26.

EFF writes separately to provide this Court with a global context for this case. DarkMatter is one player in a global cybersurveillance industry that has avoided accountability for facilitating human rights abuses by foreign governments—as chronicled by journalists, civil society organizations, and international bodies such as the United Nations and the Organization for Economic Cooperation & Development.

This case is not just a dispute between a journalist and her political opponents. Whether DarkMatter is granted foreign sovereign immunity will have profound implications for millions of Internet users and members of civil society in countries around the world who are victims of human rights abuses powered by private cybersurveillance companies that make billions of dollars while operating with impunity. The Court's decision on this issue—and the message it sends as to whether U.S. courts may be an avenue for accountability—will not only impact DarkMatter and its potential future hacking victims, but hundreds of other technology companies and their would-be targets.

And the human rights issue is not simply the unauthorized access to digital data. In Plaintiff's case, the hack she suffered was an apparent attempt to retaliate against and discredit her for her critical reporting. *See, e.g.*, Am. Compl., ECF 135, ¶¶ 28, 64. But the private technology companies that partner with repressive regimes not only invade victims' privacy and chill their freedom of speech and association; private technology companies also often provide amoral government officials with the data they need to effect unlawful arrest and detention, torture, disappearances, and even summary execution.

Victims of human rights abuses enabled by powerful technologies—such as Ms. Oueiss here—must have the ability to reach the merits of their civil suits in U.S. courts

against corporate defendants. Given the dearth of accountability mechanisms for corporations, this Court should not expand the ability of technology companies like DarkMatter to avoid accountability for facilitating human rights abuses by foreign governments.

## LOCAL RULE 7.1 CERTIFICATE OF GOOD FAITH

Counsel for EFF has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so. Defendant DarkMatter's counsel James Tysse informed EFF attorney Mukund Rathi via email on October 8, 2021 that "our client opposes your requested relief and reserves the right to file a response."

Dated: October 19, 2021

Respectfully submitted,

SHULLMAN FUGATE PLLC

**Deanna K. Shullman**
Deanna K. Shullman (FBN 514462)
2101 Vista Parkway, Suite 4006
West Palm Beach, FL 33411
dshullman@shullmanfugate.com
Tel.: (561) 429-3619

and

Sophia Cope
(*pro hac vice admission pending*)
Mukund Rathi
(*pro hac vice admission pending*)
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
sophia@eff.org
mukund@eff.org
Tel.: (415) 436-9333
Fax: (415) 436-9993

*Counsel for Amicus Curiae*
*Electronic Frontier Foundation*