UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 20-cv-25022-KMM

GHADA OUEISS,
    Plaintiff,

vs.

MOHAMMED BIN SALMAN BIN
ABDULAZIZ AL SAUD, *et al.*,
    Defendants.

### DARKMATTER'S OPPOSITION TO AND MOTION TO STRIKE ELECTRONIC FRONTIER FOUNDATION'S MOTION FOR LEAVE TO FILE AN AMICUS BRIEF

In its Motion to Dismiss, DarkMatter argued that it enjoys conduct-based sovereign immunity from Plaintiff's claims. More than six months after DarkMatter first raised this argument, and with the briefing closed, Electronic Frontier Federation asks to file an amicus brief opposing this point. Specifically, EFF's proposed brief asks this Court to carve out an exception to conduct-based sovereign immunity, such that cybersecurity companies like DarkMatter would not receive immunity.

EFF does not argue that such an exception exists under (or is even consistent with) current law. Rather, EFF presents a salacious, factual attack on DarkMatter, and a public policy argument. Consequently, EFF's proposed brief is irrelevant to the motion to dismiss, and is improper as an amicus brief. Moreover, EFF's 28-page motion and proposed brief exceeds the 20-page limit in the Local Rules.

For these reasons, the Court should deny EFF's request to participate in this case as amicus and strike the proposed brief.

1

I. **Legal Standard**

This Court has no obligation to allow an amicus filing; whether to accept such a filing is solely in the discretion of the District Court. *Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, No. 9:17-CV-80495, 2018 WL 3368746, at *1 (S.D. Fla. July 6, 2018) ("[T]he district courts also have the inherent authority to *deny* leave to file an amicus brief.") (emphasis added). In fact, district courts should grant leave to file amicus briefs only sparingly. *Pickering v. Akal Sec., Inc.*, No. 20-cv-23151, 2020 U.S. Dist. LEXIS 190109, at *2 (S.D. Fla. Oct. 14, 2020), quoting *News & Sun-Sentinel Co. v. Cox,* 700 F. Supp. 30, 32 (S.D. Fla. 1988) ("Further, acceptance of an amicus curiae should be allowed only sparingly, unless the amicus has a special interest or unless the Court feels that existing counsel need assistance.").

District courts are reluctant to allow amicus briefs where there is no indication that counsel for the parties require assistance, the movant has no special interest in the litigation, or at least one party opposes the filing. *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970) ("[A] district court lacking joint consent of the parties should go slow in accepting…an amicus brief unless…the amicus has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance."). In determining whether to allow an amicus filing, district courts often look to Federal Rule of Appellate Procedure 29, which provides that an amicus filing is appropriate if it would be desirable and relevant to the disposition of the case. FED. R. APP. P. 29(a)(3)(B); *United States v. UBS AG*, No. 09-cv-20423, 2009 WL 10669118, at *1 (S.D. Fla. May 19, 2009).

II. **EFF's motion and proposed brief violates the Local Rules and is untimely.**

As an initial matter, EFF's motion and proposed brief significantly exceeds the maximum length allowed under the Local Rules. Under the Local Rules, a "motion and its incorporated memorandum of law" shall not exceed twenty pages. Local Rule 7.1(c)(2). *See also Living Legends*

*Ret. Ctr., Inc. v. Lexington Ins. Co.*, 2005 U.S. Dist. LEXIS 50813 pg. 3 (S.D. Fla. May 20, 2005) (granting a motion to strike a reply because the brief exceeded the ten-page limit under the local rules). Along these lines, the applicable appellate rule of procedure limits an amicus brief "one-half the maximum length authorized by these rules for a party's principal brief." FED. R. APP. P. 29(a)(5). If this rule applied, EFF would be limited to 10 pages because the Local Rules limit responses to motion to 20 pages. Local Rule 7.1(c)(2). Either way, EFF's motion and proposed brief (which is 28 pages with 105 footnotes) is inappropriately long. Motion for Leave to File Amicus Curiae Brief of Electronic Frontier Foundation in Support of Plaintiff against Defendant DarkMatter's Motion to Dismiss, ECF 190 ("Prop. Br.").

Further, while the Local Rules do not provide a deadline for filing an amicus brief, EFF's filing is unreasonably late. Courts that more frequently entertain amicus briefs require amici to file no later than one week after the principal brief of the party the amicus supports. *See, e.g.*, FED. R. APP. P. 29(a)(6); U.S. SUP. CT. R. 37.3(a). These rules make sense. They allow the opposing party to respond in the next scheduled filing. EFF filed its amicus brief nearly one *month* after Plaintiff filed her opposition (*compare* ECF 190 (filed October 19, 2021), *with* ECF 172 (filed September 20, 2021)) and five days *after* DarkMatter filed its reply brief (ECF 178). Moreover, EFF's motion comes more than two months after DarkMatter's motion to dismiss (ECF 165) and more than *six* months after DarkMatter first raised the immunity issue to which EFF now objects (ECF 108 at 16–18).

Under the circumstances, if the Court accepts EFF's proposed brief, DarkMatter will only be able to respond if the Court allows yet another round of briefing—and the proposed brief provides no basis for inserting this type of additional delay and expense to the parties and the

resolution of this case. *Cf.* U.S. SUP. CT. R. 37.3(a) ("Motions to extend the time for filing an amicus curiae brief will not be entertained.").

In the end, EFF's proposed brief is too long, and too late. The Court should deny the motion to appear as amicus and strike the proposed brief.

**III.   The arguments in EFF's proposed brief are irrelevant and unnecessary.**

Quite apart from the length and delay problems, EFF's arguments are irrelevant to DarkMatter's motion to dismiss.

First, EFF's proposed brief makes only policy arguments as to whether conduct-based immunity *should* create an exception for companies like DarkMatter. Much of EFF's proposed brief concerns *other* companies that EFF alleges engaged in various cyber activity in other countries. Prop. Br. 8 (alleging acts by NSO Group in Rwanda), 9–10 (Cisco Systems, China), 10 (IBM, South Africa), 11–12 (McAfee, Syria) 12 (Narus, Egypt; Sandvine, Belarus), 13 (Thermo Fisher, China), 21 (Gamma International, Bahrain). A similarly irrelevant portion of the brief discusses the cybersecurity industry overall. *Id.* at 4–6. And the last third of the brief discusses voluntary compliance programs for preventing misuse of surveillance technology. *Id.* at 16–23. Hardly any of the brief discusses DarkMatter. Even section I.B, which purports to be about DarkMatter, devotes half of its space to other companies. *Id.* at 8–9.

These types of assertions are generally irrelevant to a motion to dismiss, and they are particularly unhelpful here. DarkMatter has argued that, when taken as true, the Amended Complaint's allegations render DarkMatter immune from suit. ECF 165 at 17–19. Specifically, Plaintiff alleges DarkMatter acted "at the behest of" and at the direction of the Crown Prince of Saudi Arabia. Am. Compl. ¶¶ 167, 128. Dark Matter's argument for conduct-based (as opposed to status-based) sovereign immunity thus turns entirely on the allegations of the Amended Complaint.

4

Under the circumstances, EFF's observations about other cybersecurity companies, the cybersecurity industry overall, and alleged actions of DarkMatter with respect to non-parties, have no bearing on the question before the Court. The Court should deny EFF's motion. *Garcia-Bengochea v. Carnival Corporation*, No. 19-cv-21725 (S.D. Fla.) (May 20, 2020) ECF 107 at 2 (denying leave to file an amicus brief where the brief was "unnecessary to the Court's determination of the issues" before the court); *accord Consumer Fin. Prot. Bureau*, 2018 WL 3368746 at *2.

Second, even if EFF's proposed brief were relevant, there is no need for additional briefing in this case. Both Plaintiff and DarkMatter are ably represented by experienced counsel. Plaintiff's counsel briefed the sovereign immunity issues in this case extensively, not only in Plaintiff's opposition to DarkMatter's motion to dismiss (ECF 172 at 18–26) but also in Plaintiff's failed opposition to a stay of discovery (ECF 97 at 7–20). As a result, "amicus participation is not necessary in order to get an adequate representation of Plaintiff's position." *Consumer Fin. Prot. Bureau*, 2018 WL 3368746 at *2. *See also Amgen Inc. v. Apotex Inc.*, No. 15-61631 (S.D. Fla.) (Nov. 2, 2015) (denying motion for leave to file an amicus brief partly because "[p]laintiffs in this case are well-represented by counsel").

Third, EFF has no special interest in the outcome of the instant litigation beyond EFF's general interest in public policy. Courts have declined to allow amicus participation in comparable circumstances. *Abu-Jamal v. Horn*, No. CIV. A. 99-5089, 2000 WL 1100784, at *5 (E.D. Pa. Aug. 7, 2000) (disallowing amicus brief where movant did not "allege any potential prejudicial impact on other litigation as a result of any decision this court may make"); *Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999) (disallowing amicus brief where the movant "failed to demonstrate the particularized kind of 'special interest' courts have looked for in amici

cases" beyond its general policy interest in all cases related to a particular subject matter). Without a more particularized interest in the outcome of the instant case, EFF is not a proper amicus.

### IV. This Court should strike EFF's proposed brief.

EFF's proposed brief also contains factual allegations about DarkMatter that are salaciously inappropriate, and not properly considered at the motion to dismiss stage. Consequently, in addition to denying EFF's motion, the Court should strike the proposed brief.

EFF's brief includes salacious allegations about DarkMatter, including that DarkMatter: participated in the targeting of Americans (Prop. Br. at 13); assisted foreign governments in violating the rights of their citizens (*id.* at 4); and used surveillance technology to facilitate human rights abuses (*id.* at 4, 7). DarkMatter categorically denies EFF's accusations.

These false allegations might be read to bolster the Plaintiff's threadbare accusations about DarkMatter and may make the Amended Complaint appear more plausible. Supplementing the Amended Complaint in this way is not an appropriate function for an amicus brief. *Strasser*, 432 F.2d at 569 ("an amicus who argues facts should rarely be welcomed."). When ruling on the motion to dismiss, the Court will confine its consideration to allegations contained in the Amended Complaint. *Speaker v. U.S. Dep't of Health & Hum. Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). Consequently, EFF's proposed brief strays far beyond the scope of DarkMatter's motion. Striking the brief is appropriate. *Cf.* FED. R. CIV. P. 12(f) (allowing courts to strike material from a pleading that is immaterial or scandalous).[1]

---

[1] Although the specific language of 12(f) limits the rule to pleadings, the Eleventh Circuit has allowed motions to strike against a broader range of filings. *See, e.g., Saunders v. Emory Healthcare, Inc.*, 360 F. Appx. 110, 113 (11th Cir. 2010) (upholding district court's striking of unauthenticated exhibits). *See also Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (striking an opposition to a motion to dismiss).

## V. Conclusion

This Court should deny EFF's motion for leave to file an amicus brief, and the Court should strike the proposed brief that EFF attached to its motion.

### Certificate of Pre-Filing Conference

Pursuant to Local Rule 7.1(a)(3), I certify that counsel for DarkMatter conferred with all parties or non-parties who may be affected by the relief sought in this motion to strike in a good faith effort to resolve the issues raised in the motion and has been unable to do so. Counsel for DarkMatter spoke with Mukund Rathi, counsel for EFF, who indicated that EFF opposes DarkMatter's motion to strike EFF's proposed amicus brief.

Dated: October 20, 2021                                        Respectfully submitted,

  /s/ Stephen J. Binhak
Stephen J. Binhak
Fla. Bar No. 736491
binhaks@binhaklaw.com
The Law Office of Stephen James Binhak, P.L.L.C.
1 SE 3rd Avenue, Suite 2600
Miami, Florida 33131
Tel: (305) 361-5500/Fax: (305) 428-9532

Anthony T. Pierce (*pro hac vice*)
James E. Tysse (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street N.W.
Washington, D.C. 20006
Tel: (202) 887-4000/Fax: (202) 887-4288
apierce@akingump.com

Natasha G. Kohne (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
580 California Street, Suite 1500
San Francisco, CA 94104
Tel: (415) 765-9500/Fax: (415) 765-9501

*Attorneys for Defendant DarkMatter*