# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

**Civil Action No. 1:20-cv-25022-KMM**

Ghada Oueiss,

      Plaintiff,

  v.

Mohammed Bin Salman Bin Abdulaziz Al Saud, Mohammed Bin Zayed Al Nahyan, DarkMatter, Faisal al Bannai, Saudi 24 TV, a broadcast television station owned by the Kingdom of Saudi Arabia, Al Arabiya, a broadcast television station owned by the Kingdom of Saudi Arabia, Prince Mohammed Bin Salman Abdulaziz Foundation d/b/a MiSK Foundation, Saud Al Qahtani Bader Al-Asaker, Saudi Arabian Cultural Mission, Terek Abou Zeinab, Turki Al-Owerde, Faisal Al Menaia, Awwad Al Otaibi, Sharon Collins, Christanne Schey, Hussam Al-Jundi, Annette Smith, John Does 1-20,

      Defendants.

---

**ELECTRONIC FRONTIER FOUNDATION'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFF AGAINST DEFENDANT DARKMATTER'S MOTION TO DISMISS, AND IN OPPOSITION TO DEFENDANT DARKMATTER'S MOTION TO STRIKE ELECTRONIC FRONTIER FOUNDATION'S MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF**

# ARGUMENT

The Court should grant non-party Electronic Frontier Foundation's (EFF) motion for leave to file an *amicus curiae* brief in support of Plaintiff against Defendant DarkMatter's Motion to Dismiss, ECF 165. *See* ECF 190 & 190-1. Defendant DarkMatter's arguments against EFF's motion for leave to file are without merit and, in any event, Defendant DarkMatter is correct that the Court has sole discretion to accept *amicus* briefs. *See* ECF 191 at 2. *See also Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500 (S.D. Fla. 1991) (district courts have "inherent authority" to accept *amicus* briefs).

## I. EFF Meets the *Amicus* Standards

EFF's has a sufficient interest in this case. *Cf.* ECF 191 at 2, 5-6. District courts accept *amicus* briefs "where the third parties can contribute to the court's understanding of the matter in question," *Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv.*, 2010 WL 3603276, at *1 (M.D. Fla. Sept. 9, 2010), or "when the amicus has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide," *Dibbs v. Hillsborough Cty., Fla.*, 2014 WL 12839780, at *1 (M.D. Fla. Dec. 4, 2014) (citations omitted). Specifically, district courts grant motions for leave to file when "the [*amicus*] brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Chavez v. Credit Nation Auto Sales, Inc.*, 2014 WL 12780146, at *2 (N.D. Ga. June 5, 2014) (citations omitted). District courts also grant leave to file when "the amicus has an interest in some other case that may be affected by the decision in the present case." *Dibbs*, 2014 WL 12839780, at *1 (citations omitted). *See also Leal v. Sec'y, U.S. Dep't of Health & Hum. Servs.*, 2009 WL 1148633, at *2 (M.D. Fla. Apr. 28, 2009) (same).

EFF meets these standards. As a prominent nonprofit that operates at the local, national, and international levels representing the interests of internet and technology users around the world, in both court cases and in public policy debates, EFF seeks to educate U.S. courts about the global and pervasive problem of foreign and American cybersurveillance companies facilitating human rights abuses with impunity.[1] The outcome of this case, including the Court's decision on foreign sovereign immunity, will not only affect Ms. Oueiss—it will also have severe implications for the human rights of billions[2] of internet and technology users around the world. *See City of S. Miami v. DeSantis*, 2019 WL 9514566, at *1 (S.D. Fla. Dec. 10, 2019) (granting motion for leave to file *amicus* brief because "Human Rights Watch ('HRW'), Center for Constitutional Rights ('CCR'), and LatinoJustice PRLDEF ('LatinoJustice') … have a special interest in the instant action because they advocate for the enforcement of international human rights law in the United States"). *See also Friends of Everglades, Inc. v. S. Fla. Water Mgmt. Dist.*, 2005 WL 8160352, at *1 (S.D. Fla. Nov. 1, 2005) (granting motion for leave to file *amicus* brief after movants argued that district court's decision on summary judgment "could have wide-ranging effects" on water rights).

This case is also relevant to pending cases. A case in the Ninth Circuit in which EFF filed an *amicus* brief also involves the invocation of foreign sovereign immunity by a cybersurveillance company that targeted journalists, human rights defenders, and other

---

[1] *See, e.g.*, David Kaye, *Surveillance and Human Rights: Report of the Special Rapporteur on the Promotion and Protection of the Right to Freedom of Opinion and Expression*, United Nations Human Rights Council (May 28, 2019), https://www.ohchr.org/EN/Issues/FreedomOpinion/Pages/SR2019ReporttoHRC.aspx.

[2] "As of January 2021 there were 4.66 billion active internet users worldwide—59.5 percent of the global population. Of this total, 92.6 percent (4.32 billion) accessed the internet via mobile devices." Joseph Johnson, *Global digital population as of January 2021*, Statista (Sept. 10, 2021), https://www.statista.com/statistics/617136/digital-population-worldwide/.

members of civil society. *See WhatsApp v. NSO Group*, No. 20-16408 (9th Cir.).[3] Another case before the Ninth Circuit in which EFF filed an *amicus* brief involves an American technology company facilitating human rights abuses by the Chinese government against a religious minority. *See Doe I v. Cisco Systems, Inc.*, No. 15-16909 (9th Cir.).

**II. EFF's Motion for Leave to File Is Not Too Long and Is Timely**

EFF's motion for leave to file is not too long. *Cf.* ECF 191 at 2-3. Local Rule 7.1.(c)(2) provides that "neither a motion and its incorporated memorandum of law nor the opposing memorandum of law shall exceed twenty (20) pages." EFF's motion for leave to file, including the supporting Memorandum of Law, is less than four pages. *See* ECF 190. This is less than the 20-page limit.

As for EFF's proposed *amicus* brief itself, there is no district court rule regulating the word or page limit for *amicus* briefs.[4] Defendant DarkMatter cites the Federal Rules of Appellate Procedure (FRAP). *See* ECF 191 at 3 (citing FRAP 29(a)(5) but conflating it with this Court's Local Rules). If the Court were to apply the FRAP for length limit purposes—which the Court need not do given its "broad discretion" regarding *amicus* briefs, *see Chavez*, 2014 WL 12780146, at *3—EFF's proposed *amicus* brief is fewer than 6500 words (6497, including footnotes, to be precise), which is the limit provided by the FRAP, where a party's principal brief may be no more than 13,000 words and *amicus* briefs must be half of that. *See*

---

[3] *See also* Citizen Lab, *NSO Group/Q Cyber Technologies: Over One Hundred New Abuse Cases* (Oct. 29, 2019), https://citizenlab.ca/2019/10/nso-q-cyber-technologies-100-new-abuse-cases/.

[4] *See generally Local Rules, United States District Court for the Southern District of Florida* (Revised Dec. 1, 2020), https://www.flsd.uscourts.gov/sites/flsd/files/2020-LocalRulesEffective12-01-2020-FINAL.pdf.

FRAP 29(a)(5) & 32(a)(7).[5]

EFF's motion for leave to file is also timely. Although Defendant DarkMatter again cites the FRAP, it is ultimately correct that the Local Rules do not set a deadline for filing *amicus* briefs in district court, *see* ECF 191 at 3 (citing FRAP 29(a)(6)), and so the Court has discretion to determine whether the timing of EFF's *amicus* brief reasonably fits within the Court's calendar. *See Chavez*, 2014 WL 12780146, at *3 (rejecting defendant's argument that motions for leave to file *amicus* briefs should be denied because the motions were untimely and the proposed briefs too long per the FRAP, stating "the Court can quickly dispose of those arguments, as the Federal Rules of Appellate Procedure do not apply in district court"). Here, EFF sought leave to file its *amicus* brief just five days after briefing was complete on the Motions to Dismiss, prior to any hearing or adjudication of the motions. EFF respectfully submits that because briefing on the Motions to Dismiss has just completed and the Court has not yet disposed of the motions, the Court has ample time to consider the EFF's *amicus* brief. *See Pratt v. Indian River Cent. Sch. Dist.*, at *3 (N.D.N.Y. Dec. 6, 2010) (granting motion for leave to file *amicus* brief and holding the motion "is not untimely simply because cross-motions for summary judgment have already been fully submitted;" instead "the motion is untimely if it is filed after judgment has been rendered on those motions") (citations and internal quotations omitted).

## CONCLUSION

This Court should grant non-party EFF's motion for leave to file an *amicus curiae* brief in support of Plaintiff against Defendant DarkMatter's Motion to Dismiss because EFF meets the

---

[5] *See also United States Court of Appeal for the Eleventh Circuit, Federal Rules of Appellate Procedure*, at 196 (Aug. 2021), https://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/Rules_Bookmark_AUG21.pdf.

*amicus* standards, and EFF's motion and proposed brief are of appropriate length and were timely filed.

Dated: October 27, 2021

Respectfully submitted,

**Deanna K. Shullman**

Deanna Shullman
Shullman Fugate PLLC
2101 Vista Parkway
Suite 4006
West Palm Beach, FL 33411
dshullman@shullmanfugate.com
Tel.: (561) 429-3619


Sophia Cope
(admitted *pro hac vice*)
Mukund Rathi
(admitted *pro hac vice*)
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
sophia@eff.org
mukund@eff.org
Tel.: (415) 436-9333
Fax: (415) 436-9993

*Counsel for Amicus Curiae*
*Electronic Frontier Foundation*

5