# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
## Case No.: 20-CV-25022-KMM

GHADA OUEISS,

    Plaintiff,

v.

MOHAMMED BIN SALMAN BIN
ABDULAZIZ AL SAUD, *et al.*,

    Defendants.

_____/

## PRINCE MOHAMMED BIN SALMAN ABDULAZIZ FOUNDATION'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

    Defendant Prince Mohammed Bin Salman Abdulaziz Foundation (the "MiSK Foundation" or "Foundation") submits the following response to Plaintiff's Notice of Supplemental Authority regarding *WhatsApp Inc. v. NSO Group Technologies Ltd.,* No. 20-16408, 2021 WL 5174092 (9th Cir. Nov. 8, 2021).

    Plaintiff asks that the Court "consider" the Ninth Circuit's *WhatsApp* decision in analyzing the immunity arguments of the entities in this matter, including the MiSK Foundation. ECF 197 at 2. *WhatsApp* is an out-of-circuit ruling and therefore not binding on the Court. The Ninth Circuit held that the Foreign Sovereign Immunities Act (FSIA) occupies the field of entity immunity, and that, as a result, no private entity can claim common law immunity. *WhatsApp*, 2021 WL 5174092 at *4–6. But the Supreme Court in *Samantar v. Yousuf*, 560 U.S. 305 (2010), made clear that the FSIA concerned only the immunity of foreign states and their agencies or instrumentalities. *Id.* at 313. *Samantar* held that the FSIA's "careful calibration of remedies among the listed types of defendants suggests that Congress *did not mean* to cover other types of defendants never mentioned in the text." *Id.* at 319 (emphasis added). Consistent with that holding, *Samantar* explained that the case before it was "properly governed by the common law *because it is not a claim against a foreign state as the Act defines that term*." *Id.* at 325 (emphasis added).

Because private entities like the MiSK Foundation are "never mentioned in the text" of the Act, their claims to immunity are "properly governed" by the common law. *See id.* at 319, 325. The D.C. Circuit recognized that understanding of *Samantar* in *Broidy Capital Management LLC v. Muzin*, 12 F.4th 789 (D.C. Cir. 2021). As *Broidy* explained, the FSIA "exclud[es] private entities or individuals" and the "residual common law" applies to them. *Id.* at 802. *Broidy*'s conclusion is a straightforward reading of *Samantar*, not an assertion made "without explanation." *Cf. WhatsApp*, 2021 WL 5174092 at *5 n.5.

While the Ninth Circuit found no U.S. historical precedent granting immunity to a private entity, there is international support for doing so. *See Twycross v. Dreyfus*, 5 Ch. D. 605 (1877) (English case holding that private corporations that were agents of the Peruvian government were immune from suit). This case is also distinguishable from *WhatsApp* because Plaintiff alleges that the Foundation is the "alter ego" of the Crown Prince of Saudi Arabia, thus acting on behalf of a sovereign. Am. Compl. ¶¶ 95, 133, 137. This is not a situation, therefore, where "[n]one of the purposes for recognizing foreign sovereign immunity are served by granting immunity to entities and actors that are neither sovereigns themselves nor are not acting on behalf of a sovereign." *WhatsApp*, 2021 WL 5174092 at *5.

Dated: November 16, 2021                    Respectfully submitted,

/s/ *Justin R. Cochran*
Justin R. Cochran, Esq.
Fla. Bar No. 110342
ZUCKERMAN SPAEDER LLP
101 East Kennedy Boulevard
Suite 1200
Tampa, FL 33602
Tel: (813) 221-1010
Fax: (813) 223-7961
jcochran@zuckerman.com

William W. Taylor, III, Esq. (*pro hac vice*)
Ivano M. Ventresca, Esq. (*pro hac vice*)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW
Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
Fax: (202) 822-8106

wtaylor@zuckerman.com
iventresca@zuckerman.com

*Attorneys for Defendant the Prince Mohammed Bin Salman Abdulaziz Foundation*