UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-25022-KMM

GHADA OUEISS,

    Plaintiff,

v.

MOHAMMED BIN SALMAN
BIN ABDULAZIZ AL SAUD, *et al.*,

    Defendants.

_____/

## ORDER

THIS CAUSE came before the Court upon Electronic Frontier Foundation's ("EFF") Motion for Leave to File *Amicus Curiae* Brief in Support of Plaintiff Against Defendant DarkMatter's Motion to Dismiss. ("Mot.") (ECF No. 190). Plaintiff Ghada Oueiss ("Plaintiff") consents to the filing of the proposed *amicus* brief. *Id.* at 1. Defendant DarkMatter ("DarkMatter") filed an Opposition to and Motion to Strike Electronic Frontier Foundation's Motion for Leave to File an Amicus Brief. ("Resp.") (ECF No. 191). EFF filed a reply. ("Reply") (ECF No. 196). The matter is now ripe for review.

"[D]istrict courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings." *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006); *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500 (S.D. Fla. 1991). "[A]n amicus participates only for the benefit of the court." *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd.*, No. 19-CV-23590, 2021 WL 4819580, at *1 (S.D. Fla. Oct. 15, 2021). The "acceptance of an . . . *amicus curiae* should be allowed only sparingly, unless the *amicus* has a special interest, or unless the Court feels that existing counsel need assistance." *News & Sun-*

*Sentinel Co. v. Cox*, 700 F. Supp. 30, 32 (S.D. Fla. 1988) (quoting *Donovan v. Gillmor*, 535 F. Supp. 154, 159 (N.D. Ohio 1982)) (alteration in original).  District courts often look to Federal Rule of Appellate Procedure 29 to guide their exercise of this inherent power.  *See United States v. UBS AG*, No. 09-20423-CIV, 2009 WL 10669118, at *1 (S.D. Fla. May 19, 2009).  That rule provides that leave should be granted only if a court is satisfied as to "(A) the movant's interest; and (B) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case."  Fed. R. App. 29(a)(3).

EFF requests leave to file an *amicus* brief in support of Plaintiff's arguments in opposition to DarkMatter' motion to dismiss, wherein DarkMatter argues, among other things, that it should be granted foreign sovereign immunity.  *See generally* Mot.  EFF informs the Court that it has a strong interest in ensuring that the law provides accountability for corporations that assist foreign governments in violating human rights.  *Id.* at 2.  To that end, EFF claims that it writes to apprise the Court of the global context of this case, as EFF claims that DarkMatter is one of many cybersurveillance companies facilitating human rights abuses at the behest of foreign governments.  *Id.* at 3.  In response, DarkMatter argues that EFF's motion is untimely, its proposed *amicus* brief violates the Local Rules of the Southern District of Florida because it is inappropriately long, and the policy-based arguments in the proposed brief are irrelevant and unnecessary.  *See generally* Resp.  Accordingly, DarkMatter requests that the Court strike the brief from the docket because it is salacious.  *Id.* at 6.  In reply, EFF reiterates that it has a special interest in educating courts about "the global and pervasive problem of foreign and American cybersurveillance companies facilitating human rights abuses with impunity," the Motion is not untimely, and the proposed brief is not unduly lengthy.  *See generally* Reply.

Having reviewed the proposed *amicus* brief, (ECF No. 190-1), the Court finds that it would not be helpful to the Court in adjudicating DarkMatter's motion to dismiss. Plaintiff is already adequately represented by competent counsel that has briefed the issue of foreign sovereign immunity. *See generally* (ECF No. 172). Further, the proposed *amicus* brief largely consists of factual matter detailing the conduct of unrelated companies. It is not readily apparent how the factual matter in the proposed brief will aid the Court in adjudicating the foreign sovereign immunity arguments raised in DarkMatter's motion to dismiss. *See Fru Veg Mktg., Inc. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1179 (S.D. Fla. 2012) ("On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion, meaning that the court must consider the allegations of the complaint to be true."). Further, the proposed brief largely puts forth policy-based arguments and lacks legal arguments. For these reasons, the Motion is denied.

In addition, the Court denies DarkMatter's request to strike the proposed brief as "salaciously inappropriate." Resp. at 6. The proposed brief is filed as an exhibit to EFF's Motion and is not filed separately on the docket. DarkMatter itself asserts that "[h]ardly any of the brief discusses DarkMatter. Resp. at 4. The Court will not strike a filing simply because a party opposing it disagrees with how it is portrayed by the filing's allegedly false allegations. *Id.*

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Electronic Frontier Foundation's Motion for Leave to File *Amicus Curiae* Brief in Support of Plaintiff Against Defendant DarkMatter's Motion to Dismiss (ECF No. 190) is DENIED. It is further ORDERED AND ADJUDGED that Defendant DarkMatter's Motion to

Strike Motion for Leave to File an Amicus Brief (ECF No. 191) is DENIED.  The Clerk of Court is INSTRUCTED to TERMINATE Electronic Frontier Foundation as an *amicus curiae* of record.

DONE AND ORDERED in Chambers at Miami, Florida, this <u>28th</u> day of March, 2022.

                                             K. MICHAEL MOORE
                                             UNITED STATES DISTRICT JUDGE

c:  All counsel of record